Jones, Chancellor,
examined the" questions presented by the case at large, and delivered an opinion in favor of affirming the judgment of the supreme cbtirf, substantially on the ground taken by that court.
Stebbins, Senator.
The plaintiff below declared in debt on judgment;' and the defendant below pleaded 8 release. The plaintiff below replied that he assigned the judgment to Lush & Kane, who assigned to Jonathan Roberts, and that Roberts assigned to J¡ E. Robinson, for whose benefit the suit was brought. To this replication the defendant below pleaded 8 set-off against Roberts; arid the plaintiff below demurred.
The questions raised by the demurrer are, whether such 8 Set-Off is available to the defendant; afid whether a set-off can, in any Case, be specially pleaded.
The question discussed in the opinión prónouiicéd by the supreme court is, whether a set-off can be allowed ágaitiét a cestui que trust■ iñ an action commenced by the trustee. But, With great féspédt, I cannot péfCeive that that is the" precise question in this Cause, although if it is *315 conceded that a defendant can in no case avail himself of a set-off against a *pérson not á party to the record, then, certainly, the defendant in this cause is not entitled to avail himself Of thé set-off pleaded»
The person against whom the defendant claims to set-off, is neither party to the record, nor cestui qué trust; hut one through whose hands the judgment has passed, and who, at the time of the' commencement of this snit, had no legal or equitable claim to it. The suit was prosecuted by Wheeler, the nominal plaintiff below, for the benefit of Robinson, the cestui que trust.
Although the defendant below in this cause, therefore, may not be entitled to Set-off á demand against Roberts, it does not follow that he might not set-off a demand against Robinson, the cestui que trust j and such, in my judgment, is the true state of the case.
Our statute (1 R. L. 515) enacts, that if two or more persons dealing together, be indebted to each other, or have demands arising on contract or credits against each other, and one Of them sue any one Or more of the others, it shall be lawful for such defendant to plead the general issue, and give notice in writing With the Said plea, of what such defendant will insist upon at the trial for his discharge, and to give any Such demand, &c., so given notice of, in evidence. And if it appears to the jury that the plaintiff is Overpaid, then they shall find a verdict for the defendant, and certify to the court how much they find the plaintiff to be indebted to the defendant, more than will answer the debt or sum demanded ; and the sum so certified shall be recorded with the Verdict, and the defendant Shall have judgment and execution for the same.
The English statute differs from outs, by expressly providing that the defendant may plead a Set-Off specially, and by not providing for the recovery of any balance which may be found due to the defendant»
The Object of these statutes Was to Settle, in one suit, the existing demands between the parties, without compelling them to resort, for that purpose, to cross actions or a bill in equity; and the construction of them has been liberal, as the object to be attained was desirable.
*316 * Considering that the English statute was passed at a time when assignments of choses in action were comparatively but little known, and that it has, from time to time, received the construction of the courts in reference to such assignments as they became more frequent, it is not surprising, perhaps, that the terms, persons dealing together and suing each other, should be held to comprehend other persons than parties to the record, although, perhaps, the same language used in a statute passed at this day, when such assignments are matters of daily occurrence, might, with propriety, be held to extend only to the parties before the court, for the reason, that as others were not expressly provided for, the inference would be a fair one that the omission was intentional.
It is a matter of curiosity to observe the difference of construction which has been given to many of the older statutes at different periods, as the state of society, or the inclination of the courts; has varied. The statute of limitations, which was at one time all but repealed, seems now to be in the course of judicial restoration ; and this statute of set-off, which has for many years been construed so as to protect almost every description of equitable interest, seems now to be gradually contracting its sphere of influence, so as to embrace only the mere parties to the record.
Whatever might be the true construction of the statute, if it were now first presented for judicial examination, it is still a very grave question, whether a settled construction ought to be altered, if it can be adhered to.
In the case of Bottomley v. Brooke, (1 T. R. 621,) which was an action upon a bond, the defendant pleaded that the bond was given to the plaintiff, as trustee for Mrs. Chancellor,'and that she was indebted to him in a larger amount. The plea was considered good by the court, and the case was afterwards cited with approbation by the English courts
A similar set-off against the cestui que trust, was success fully urged in the case of Ruggles v. Keeler, (3 John. 263,) in the supreme court of this state ; although the question presented to the court was not as to the.admissibility of a set-off on that ground, but whether the demand offered to be *317 set-off was barred by the statute of limitations. It is certainly, therefore not a strong case ; but I apprehend the general sense of the community has been in accordance with these cases, until the recent decisions in the present cause, (5 Cowen, 233;) and Johnson v. Bridge, (6 Cowen, 698.)
In the case of Tuttle v. Beebe, (8 John. 152,) the defendant was allowed to set-off a bond executed by the plaintiff to a third person, which the defendant held as assignee; and the court, in their opinion, cite the case of Bottomley v, Brooke as a strong one in support of the principle.
The case of Tuttle v. Beebe is recognized in the opinion of the court in this cause, and the doctrine now seems to be, that the defendant assignee is allowed to set-off against plaintiff; butthat a defendant is not allowed to set-off against the real plaintiff who sues in the name of his trustee, or, in other words, that a cestui que trust is entitled to the privilege of set-off, but that a set-off is not admissible against him:
If the equitable rules which have been adopted by courts of law for the protection of assignees of choses in action, are productive of substantial justice, as without doubt they are, it must be conceded that, in cases of set-off especially, the protection should be mutual, if the terms of the statute will warrant such a construction.
The difficulty arises from the clause giving the defendant a right to a certificate and judgment, for any balance that may be fo.und in his favor; but it appears to me that difficulty may be surmounted without taking any unwarrantable liberty with the terms of the statute in endeavoring to carry into effect the intention of the legislature.
The first part of the section gives the right of set-off between persons having mutual dealings where one sues the other. This has been held to comprehend persons not parties to the record, a cestui que trust of the plaintiff in Bottomley v. Brooke, and a defendant cestui que trust in Tuttle u. Beebe. They were considered the parties litigating, and, therefore, within the terms of the statute. But, by the subsequent part of the section, the certificate is pro *318 vided for when the plaintiff is found indebted to the defend ant. If it had said plaintiff on the record, there could have ^een nQ ¿¡Q}cupy 0n the subject.
*In case of a sét-off against the real plaintiff, not a party to the record, the defendant would be entitled to set-off to the amount of the plaintiff’s demand, as he is now in England ; but could have no certificate because the party suing was not plaintiff on the record,
Such, in my apprehension, is the fair construction of the statute; but, as before intimated, I cannot perceive that the decision of that question is necessary in the disposition of this cause; for the person against whom the .defendant claims to-set-off is neither party to the record, nor a party litigating; and to such only I conceive is the statute of set-off applicable. Mutual demands do not confer a right of set-off, there must be a-suit; and strictly speaking, I should suppose, there could be no right of set-off until suit brought.
The defendant has a demand against Roberts, which he would have been entitled to set off m a litigation with him; and although it is true that an assignee takes a chose in action subject te all equities, yet there may be equities of which the. defendant is not in a situation to avail himself consistent with the forms of law, or rather there may be facts which, under other circumstances than those in which the defendant is placed,would constitute an equity in his favor.
He is not precluded by his situation, from availing himself of any payment made to Roberts while the judgment was in his hands; but a set-off is quite different. It involves a settlement of accounts ; and if admissible against intermediate parties to an instrument, who are not themselves litigating, it would lead, in many cases, to an almost endless investigation of accounts between numerous persons in a single suit.
The case of Alsop v. Caines, (10 John. 396,) is analogous to the present upon this point. It was brought in the name of Alsop, for the benefit of one Fairchild, to whom the demand had been assigned. The defendant pleaded a set-off against Riley, whom he averred was the original party in interest or cestui que trust ¡ but who, at the time, of the com *319 mencement of the suit, had no interest in the controversy. It was not a question of set-off against a person litigating as cestui que trust,
*Chief Justice Kent, in the opinion of the court, remarked that a court of law could not recognize and settle such interfering and complicated trusts. “ A set-off (he says) authorized at law, under our statute, only applies to the ease of two or more persons dealing together, and one of them suing the other.”
Being of opinion with the supreme court, (but for different reasons,) that the defence of set-off set up in this cause is not available at law, and that being the only point discussed by that court upon the demurrer, it is unnecessary, and perhaps unfit, to express an opinion upon the question arising out of the form of pleading,

Per totam Curiam,

Judgment affirmed.
Note, There was in this cause, in addition to the plea stated in 5 Cowen, 231, a plea of payment by the defendant below, on which issue was joined; and at the trial, a bill of exceptions was taken as to the proof of this plea, which also now made one ground of the writ of error. There was no plea denying the declaration.
The following opinion of the supreme court, after the ar gument of the bill of exceptions before them, will presept the facts and points of the bill, with the reasoning and decision of that court, which were unanimously concurred in here,
OPINION

Of the Supreme Court, on the Bill of Exceptions.

The declaration is in debt, on a judgment in the supreme court, for $1039 30 in January term, in the year one thousand eight hundred and twenty, recovered for an assault and battery and costs.
Plea, payment on the 18th of September, 1820.
Replication, taking issue upon the plea of payment.
*320 The cause was tried before Judge Edwards, on the 10th of July, 1826. The counsel for the plaintiff read the pleadings in the cause and rested. The defendant’s counsel insisted that the plaintiff should produce the record declared on; but *the judge decided that the production of the record was unnecessary, under the issue joined in the cause, to which opinion the defendant’s counsel excepted.
The defendant’s counsel then produced an instrument under seal, by which the plaintiff acknowledged himself fully satisfied for all claims and demands which he had by virtue of a judgment in his favor against the defendant for $950, damages and costs of suit, and consents that the sheriff discharge him from his imprisonment, dated September 18, 1820.
The plaintiff then produced an obligation bearing the same date with the discharge, by which the defendant recites that he had been surrendered by his bail in the above cause, but not charged in execution. He enters into a bond in the penalty of two thousand dollars, with a condition, reciting, that whereas he was desirous of returning to his' residence in Vermont, on account of the ill health of his family, and it was agreed that he might do so ; provided that . he should, on or before the 20th of October, then next, return to the gaol liberties of Albany, without prejudice to the plaintiffs claim, and subject himself to an execution, which he engaged to do.
The judge decided, that the two instruments should be taken together, and considered as constituting one transaction ; that thus considered, they amounted to an accord and satisfaction, but would not support the plea of payment; and directed the jury to find for the plaintiff, which they did. The defendant’s counsel excepted to the opinion of the judge.
There are but two questions arising upon the bill of exceptions.
1. Was the plaintiff bound to produce the record of the judgment declared on ?
2. Did the facts proved amount to evidence of payment 1
Both questions appear very plain to the court, and they *321 therefore decided the case out of its order, on the ground of the frivolousness of the bill of exceptions.
1. It is a fundamental rule in pleading, that a fact asserted on one side and not denied on the other, is admitted. Where therefore the plaintiff founds his action upon a record of a judgment, and the defendant, instead of pleading that there is no such record, relies for his defence on the fact of *payment of the judgment, he admits the existence of the judgment, and takes upon himself the burden of proving the payment.
2. Did the facts proved show a payment ?
Taking both instruments together, it seems that they prove this : that the defendant had been surrendered by his bail, but had not been charged in execution. His family were in Vermont, and sick, and he wished to visit them. To this the plaintiff agreed, provided the defendant would return and surrender himself in execution, by the time agreed on by them. To effect this, they were probably advised that a discharge from the plaintiff was necessary to protect the sheriff, and it was given.
If the first instrument taken alone amounts to evidence of satisfaction, yet considered in connection with the second, the idea of satisfaction or payment is completely rebutted. No man would consent to be imprisoned upon a judgment which he had paid.
The instrument signed by the defendant, shows that the rights of the plaintiff were not to be prejudiced by his leaving the custody of the sheriff. If there had been a payment of the judgment, the plaintiff could have no rights to be prejudiced. ' It seems clear, therefore, from the two instruments together, that no payment was in fact made. Whether they are evidence of accord and satisfaction, as was suggested by the judge who tried the cause, is immaterial to the present inquiry. It is only necessary for us to decide whether they amount to evidence of payment. We think they do not, and that the plaintiff is entitled to judgment upon the verdict.