THOMAS ROBINSON'S Ex'rs. p. b., plaintiffs in error *vs.* HETTY
ROBINSON.

A legacy bequeathed to the defendant, cannot be set-off to an action by the executor,
though he has assetts to pay the legacy.

Writ of error to the Superior Court in and for Sussex county.

Heard at the June term, 1846, before Johns, jr., Chancellor; and
Judges Booth and Hazzard.

The action below was in assumpsit by the executors of T. Rob-
inson, for goods sold and delivered, and money had and received;
to which there was a plea of set-off of a legacy bequeathed to the
defendant by said Robinson.

The defendant, by arrangement with the executors, took certain
goods at the appraisement, and bought other property at a sale
made by them; and there was some evidence of their consent, that
the amount of the goods so bought, should be deducted from the
legacy.

The court below charged that the plea of set-off of the legacy be-
queathed by plaintiff's testator to the defendant, was a good plea,
not merely on the proof of an agreement by the executors to deduct
the bill of goods bought by defendant of them out of said legacy,
but on the principles of set-off, generally: the legacy being a debt
due (under the act of assembly) from the executors, and recovera-
ble in assumpsit.

Exception was taken to this part of the charge; and the case now
came up, in error, and was argued by *Layton*, for plaintiffs in error,
and *Cullen*, for defendant.

*Mr. Layton*, cited *Dig.* 111; 8 *Bac. Ab.* 639-49; 2 *Wms. Ex'rs.*
1333, 651; 10 *Serg. & R.* 10; 8 *Ibid* 124; 4 *N. Y. Dig.* 956, 2
*Johns. Rep.* 151; 8 *Wend. Rep.* 530; 1 *Tidd's Pr.* 605; 9 *Cow. Rep.*
295; 6 *Law Lib.* 28; 2 *Hill's Rep.* 210.

*Mr. Cullen*, contra, cited *Dig.* 228; 2 *Wms. Ex'rs.* 1388, 934;
*Ward on Leg.* 143; 4 *Harr. Rep.* 173; 3 *Johns. Rep.* 433; 11 *Ibid*
70; *Dig.* 445; 1 *Wend. Rep.* 418; 21 *Ibid* 354; 4 *Cowen* 34.

Johns, Jr., *Chancellor.*—In this cause the plaintiffs in error have
relied on errors assigned in eight several, distinct, and specific mat-
ters, as entitling them to a reversal of the judgment below. Inde-
pendent of the bill of exceptions, and the matter therein contained,
it is apparent the record exhibits no error, for the pleadings raise no
question of law, and the facts in issue are referred to the jury; and

their verdict being found for the defendant, would sanction the judgment. But the second and eighth causes assign as error, the opinion and charge of the court relative to the law of set-off; and plaintiffs therefore, insist upon their right to a reversal of the judgment, for this cause.

This right is founded upon the act of assembly, concerning bills of exceptions, cases stated, and verdicts. (*Dig. Del. Laws*, 445-6.) The exception is to that part of the opinion and charge of the court to the jury, which declared, " on the principles of set-off, generally, that the legacy of one thousand dollars ought to be set-off against the demand of the plaintiffs." This part of the opinion and charge of the court, is considered by this court, erroneous; the cause of action being for property sold by the executors, and part of the assetts of the testator. Their right to collect by suit, their value when sold, cannot be varied or affected by the form of action, whether suing as executors, or in their own name, makes no difference. In such an action, a legatee cannot set-off a legacy, for it would interfere with the course of administration. Nor when an executor sues for a cause of action arising after the testator's death, can the defendant set-off a debt due to him from the testator. (*Shipman* vs. *Thompson*, T. T., 11 & 12 *Geo.* 2; and *Tegetmeyer and another, Ex'rs.* vs. *Lumley*, T. 25, *Geo.* 3, *B. R.*) The latter was an action of covenant for rent, part of which became due in testator's life time, and part since his death. The defendant, at the trial before Lord Mansfield, at the sittings after *Easter Term*, 25 *Geo.* 3, set-off a debt due from the testator to him, and the plaintiffs were nonsuited. Erskine moved for a new trial, on the ground that this could not be set-off; and cited *Rydout, assignee* vs. *Brough, Cowp.* 133; *Shipman* vs. *Thompson, Bull. N. P.* 180; and *Kilvington Ex'rs.* vs. *Stevenson*, which he read from a note of Mr. Justice Yates. " Assumpsit as executor for goods of his testator. There were two pleas, 1st, non-assumpsit; 2d, a set-off for a debt due from the testator to the defendant. To this the plaintiff demurred; and Wallace, in support of the demurrer, insisted that the plea was bad, and that the defendant could not set-off a debt owing to him by the testator, in satisfaction of the present demand, as that would be altering the course of distribution; and he might by this means be paid before creditors of a superior nature. *Per Curiam.*—The plea is clearly bad. This is not an action for goods that were in hand at the testator's death, in which case he might set-off; but for goods he has taken possession of since his death, in which case, to allow the set-off, would be alter-

ing the course of distribution. Judgment for plaintiff." (*Montague on Set-off*, 41 *App'x.*)

It is therefore, considered by the court, that for the error in that part of the opinion and charge of the Superior Court, which states, " that on the principles of set-off, generally, the legacy of one thousand dollars ought to be set-off against the demand of the plaintiff;" the said judgment be, and the same is hereby reversed, and the record remanded to the Superior Court of the State of Delaware, in and for Sussex county. The costs of this appeal to be paid by the defendant.

Judge Hazzard, concurred.

The Chief Justice, dissented.

BOOTH, *Chief Justice.*— With much deference, I entirely dissent from the opinion expressed by a majority of the members of this court. It appears to me, that the judgment of the Superior Court ought to be affirmed on two distinct grounds; either of which is sufficient for that purpose, independently of the other. 1st. The legacy of one thousand dollars is a legal set-off in this action, against the demand of the plaintiffs, upon the principles of the law of set-off, generally. 2d. Supposing it is not, it is a proper subject of set-off under the agreement of the parties. And, 3d. Supposing neither of these grounds to be tenable, it may be well questioned, whether it is competent to the plaintiffs, under the circumstances of this case, to avail themselves of the objection in a court of error.

1st. By the statutes which allow a set-off of mutual cross demands unconnected with each other, and by our own act of assembly on the same subject, the debt or demand sought to be recovered, and that intended to be set-off, must be *mutual*, and due to each party respectively, in the *same right* or *character*. Therefore, where an executor sues for a cause of action arising after the death of his testator, as for goods sold and delivered by the executor, or for money had and received to his use, whether he does or does not declare in his representative character; the defendant cannot set-off a debt due to himself from the testator; because the debts are not mutual, or due in the same right. (*Shipman* vs. *Thompson, Willes Rep.* 103; *Kilvington* vs. *Stevenson, Willes Rep.* 264, *n.*)

But a demand against the executor, which accrued after the death of the testator, and for which the defendant might maintain an action against the executor, and declare against him, either in his representative or individual character, may be set-off against the demand of the executor, arising after the death of the testator; be-

cause in this case, the demands *are* mutual and due in the same right. The claim sued for, and the legacy set-off, in the present action, are of this character. They are mutual demands. Although the weight of authority sustains the position, that a suit for a legacy cannot be maintained in a court of law; yet, by an act of assembly of this State, (*Dig.* 228,) " an action of assumpsit may be maintained against an executor for a legacy." The act declares, that " assetts in his hands to pay a legacy, shall create a legal liability, and raise a consequent promise to pay it. In case there be not assetts to pay the whole legacy, a part may be recovered." To maintain the action, it must be proved, that the executor has assetts in his hands to pay the legacy, or a part of it; and he may be declared against in his own right, or as executor. In the present case, it is shown by the bill of exceptions, that the plaintiffs have assetts for the payment of the defendant's legacy. Their assent to the legacy is evidence of that fact, which is nowhere controverted by them. But the fact of the testator having left a large personal estate which came to their hands; their acknowledgment that they owed the defendant her legacy; and their agreement that she might take at the appraisement, and purchase at the vendue, any articles of personal property she pleased, to the amount of her legacy of one thousand dollars, are conclusive evidence of their having assetts to pay it. The fact of their having assetts for that purpose, the act of assembly declares, shall create a legal liability, and raise a promise to pay the legacy consequent on such liability. The legacy then is not a demand against the testator, although connected with his estate; but is a demand against the plaintiffs, for which they are responsible in their private capacity; although they would be described as executors, in the plea of set-off, if drawn out in legal form. Their claim against the defendant, for goods sold and delivered, and for money had and received, although they declare as executors, is not for a debt due to the testator; but due to them, upon a cause of action arising since the testator's death. It follows, that the demand sued for, and the legacy due to the defendant, are mutual debts, and due to the respective parties in the same right. Therefore, upon the principles of set-off, generally, the legacy is clearly a legal set-off in this action, against the demand of the plaintiffs.

2dly. But, independently of this view of the case, the plaintiffs, by their agreement, were bound to allow the legacy as a set-off, and the defendant had a right to insist upon it. The bill of exceptions states, and it was proved at the trial, that the plaintiffs admitted they owed

the defendant the amount of her legacy; and had agreed, that whatever goods she might take at the appraisement, or purchase at the vendue of the testator's personal property, should be deducted from the legacy.

A demand which cannot be allowed as a set-off under the rules of law, may be admitted under a previous agreement of the parties to that effect. · For example; if the parties have agreed that separate debts may be set-off against a joint demand; or joints debts against separate demands; such debts may be set-off against each other, although under the statutes of set-off they would not be allowed. See Kinnerly and others, assignees of Brymer *vs.* Hossack, (2 *Taunt.* 170,) where under an agreement between the parties, separate debts were set-off against a joint demand.

3dly. The objection of the plaintiffs ought to have been taken at a proper time, in the court below. On principle, it would seem to be too late now to avail themselves of it in a court of error. Although under our practice of pleading, merely a memorandum or minute of a special plea is entered, the defendant ought to suggest briefly on the record, the particular matter relied on, and intended to be given in evidence under the plea. If he does not, the plaintiff may, for *that cause* demur specially; and thus compel him to make the suggestion. In either case, whether the plea be drawn up formally, or the suggestion be made on the record; if the matter relied on, is insufficient in law to maintain the defence, a general demurrer should be entered. In the case under consideration, the plea of *set-off* was entered merely by way of memorandum. The plaintiffs might have required it to be drawn up in form; or the particular demand constituting the set-off to be suggested on the record; and then put in a general demurrer, on the ground that the legacy did not constitute a legal set-off: or having taken issue to the plea as entered, in short, they ought to have objected at the trial, to the legacy being given in evidence. Having permitted it to go to the jury under the issue joined on the plea of set-off, it is too late afterwards to make the objection. The plaintiffs could not have availed themselves of it, on a motion to set aside the verdict; and ought not now to be permitted to make the objection in a court of error. (*Sherman* vs. *Crosby,* 11 *Johns. Rep.* 70 ; *Wilson* vs. *Larmouth,* 3 *Johns. Rep.* 432, 433.) By their neglect in the court below, they now have all the advantages of a general demurrer to the plea of set-off; of a demurrer to the defendant's evidence under that plea; and of a bill of exceptions. Although "a majority of this court is of the opinion, that a legacy is

not a legal set-off;" yet, the judgment of the Superior Court ought to be affirmed, on the ground that the plaintiffs agreed to allow the legacy as a set-off; a fact which is stated in the bill of exceptions, and cannot, therefore, be disputed. The reversal of the judgment, and sending the cause to the court below, to be again tried; is of no benefit to either party; because the verdict must result in favor of the defendant, under the plaintiffs' agreement to allow the legacy as a set-off.

Judgment reversed.