## GEORGE E. BURNHAM

*v.*

## HENRY MULLER.

1. CHATTEL MORTGAGE—*of the possession of the property.* A chattel mortgage provided for the mortgagor to retain possession of the property. On the day the mortgage matured, without the mortgagee taking possession of the property, the time of payment of the debt secured thereby was extended, and, at the same time, the old note was surrendered and a new mortgage was executed and a new note was taken for the old debt and accrued interest and a small additional advancement of money: *Held,* that the neglect of the mortgagee to take possession of the property rendered the first mortgage void as to creditors, and the lien of the second mortgage was subsequent to that of an execution against the mortgagor which came to the hands of the officer after the execution of the first mortgage, but before the execution and recording of the second.

2. When the first mortgage ceased to be operative as to the rights of creditors by reason of the failure of the mortgagee to take possession of the property, the lien of the execution then attached and related back to the time when the officer received it.

3. While a chattel mortgage providing for the mortgagor to retain possession of the property may be made, under our statute, so as to be valid for two years, yet, where the parties fix the time for less than two years, the time so fixed must control as to when the lien shall cease to operate. And if the mortgagee neglect to reduce the property to possession upon default of the mortgagor, or within a reasonable time thereafter, to be determined by the situation of the parties, he loses his lien as against the rights of third persons, and, as affecting the interests and liens of such, the mortgage becomes a void instrument.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. JOHN H. ROBERTS, for the appellant.

Messrs. MERRIAM & TAYLOR, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This is a contest between an execution creditor and a mortgagee.

Appellee held a chattel mortgage on the property of one Vore, which matured on the 21st of April, 1870. On that

day, without taking possession of the property, the time of payment was extended, a new mortgage was executed, and a new note taken for the old debt and accrued interest, and a small additional advancement of money.

On the 20th of April, the execution, which was levied on the mortgaged property, was placed in the hands of the officer.

The surrender of the old note, secured by the first mortgage, and the execution of the second mortgage, under which the property in controversy is claimed, were acts performed on the same day.

Did the neglect to take possession of the property under the first mortgage render it void as to creditors? Can the second mortgage hold the property against the execution, when the latter was in the hands of the officer, before the execution and recording of the former?

We have been referred to several cases which are claimed to be decisive of these questions.

In *Hill* v. *Beebe*, 3 Kernan, 556, it was decided that a first mortgage was not extinguished by the mere act of surrender of the note secured by it, after default in payment, and the taking of a new note and a second mortgage on the same property. The reason given is, that there was no surrender or cancellation of the first mortgage, and its extinguishment would not be inferred, in the absence of proof.

This decision is based upon the principle, that the taking of a debtor's note does not merge or extinguish the original demand. The mortgage was merely the security for the debt, and until the debt was discharged, the mortgage must remain as the security.

To the same effect is *Gregory* v. *Thomas*, 20 Wend. 17.

So it was held in *Packard* v. *Kingman*, 11 Iowa, 219, that the taking of a new note and mortgage to secure an indebtedness evidenced by a prior note and secured by a prior mortgage, where the latter are surrendered and cancelled, does not operate to discharge the lien of the first mortgage.

It is true, that the taking of a debtor's note does not extinguish the original demand; and as the mortgage is only the security for the debt, ordinarily it must stand until the debt is discharged. Hence the general principle is, that, to constitute a second mortgage a bar to a first, there must be an express or implied release, or one arising out of a covenant not to sue.

The statutes of the States of New York and Iowa upon the subject of chattel mortgages are somewhat different from our own. In the former State, a mortgage upon personal property ceases to be valid, as against creditors in good faith, after the expiration of one year from the filing of the same, unless, within thirty days preceding the expiration of the year, a copy of the mortgage shall be re-filed with the clerk. In a construction of this statute, in *Lee* v. *Huntoon*, 1 Hoffman's Ch. R. 447, it was held that the mortgage would be void at the expiration of the year, if the statute was not complied with.

In an examination of the statutes of Iowa, we can find no provision as to when the mortgage shall cease to be valid as against creditors.

Our statute provides that a mortgage of personal property, if *bona fide*, shall be good and valid as against the rights and interests of third persons, for a space of time not exceeding two years from the date of record, if it shall provide that the possession of the property shall remain with the mortgagor.

In *Constant* v. *Matteson*, 22 Ill. 546, there was a contest amongst creditors for priority, in the distribution of a fund produced by a sale of chattels, and as to the priority of the liens of the several mortgagees. It was held that, if possession continue with the debtor after the expiration of the stipulated time, such possession shall be considered fraudulent, as against other creditors or mortgagees, and that, in such case, liens subsequently acquired exclude or postpone prior incumbrances.

In *Reed* v. *Eames*, 19 Ill. 594, it was held that, if the mortgagee permit the property to remain in the possession of the

mortgagor after default in payment, this constitutes a fraud *per se,* which can not be explained.

The failure, then, of appellee to take possession of the property on the 21st day of April, was a fraud. On the maturity of the note and mortgage, the lien created by the latter ceased as against creditors.

A chattel mortgage may be made so as to be valid for two years, but where the parties fix the time for less than two years, this must control as to when the lien shall cease to operate. When the mortgage is recorded, then creditors have notice that the mortgagor has the right to the possession of the property until the day specified.

If the mortgagee neglect to reduce the property to possession, upon default of the mortgagor, or within a reasonable time thereafter, to be determined by the situation of the parties, he loses his lien as against the rights of third persons. As affecting their interests and liens, the mortgage becomes a void instrument.

' In this case, the neglect to take possession on the part of the mortgagee, by operation of law, determined his lien, and rendered the first mortgage inoperative as to the rights of the execution creditor. The lien of the latter then attached, and related back to the 20th day of April, when the officer first had the execution in his hands.

The lien of the first mortgage had ceased, and the execution had priority over the second mortgage.

The two mortgages must be regarded as separate and distinct instruments. The one had ceased to be a lien, as against the execution; the other, by virtue of which the property in controversy is claimed, was a subsequent lien to the execution.

The judgment must be reversed and the cause remanded.

                         *Judgment reversed.*