## PILCHER G. W. SIMMONS

### *v.*

## CHARLES W. JENKINS, Admr.

1. CHATTEL MORTGAGE—*when the legal title passes.* It is well settled that upon the failure of the mortgagor to perform the condition of the mortgage, the legal title to the chattel mortgaged becomes vested absolutely in the mortgagee. Before default or the exercise of the right to take possession under an insecurity clause in the mortgage, the general property is not in the mortgagee so as to draw to it a possession in law.

2. SAME—*right of mortgagee to maintain action for levying execution on chattels.* If mortgaged chattels be levied upon in the hands of the mortgagor under a right given to retain possession until the debt secured matures, and such levy be before default, then, whether the mortgage contains the insecurity clause or not, the officer is not a trespasser in making the levy, and neither the action of trespass nor replevin in the *cepit* will lie in favor of the mortgagee for such act.

3. Where a mortgage contains no insecurity clause, and the debt matures before sale under the officer's writ, or where the mortgage contains such clause, and the property is levied upon, the mortgagee may demand the property of the officer, and, on refusal to surrender the same, maintain trover or replevin in the *detinet* for the wrongful detention.

4. SAME—*mortgagor's interest liable to execution.* A mortgagor in possession of the mortgaged chattels under a clause in the mortgage giving him the right to retain possession until his debt matures, has such a legal interest in the property as may be seized under execution, and but for an insecurity clause giving the mortgagee the right to reduce the same to possession, may be sold under execution against him.

5. SAME—*rights of mortgagee in case of intermixture.* Where the mortgagor, without the *knowledge* or *consent* of the mortgagee, intermixes the goods mortgaged with other goods, so as to destroy the identity of those mortgaged, the lien of the mortgagee will not be thereby destroyed.

6. But where the identity of the mortgaged goods is destroyed by the mortgagor carrying on a retail business with the same, and filling up the stock with others, the mortgagee can not hold the substituted goods unless they pass into his hands before other liens attach, and then his lien will be only an equitable one cognizable in a court of equity.

7. SAME—*permitting mortgagor to sell at retail.* If, by any arrangement, express or implied, the mortgagee permits the mortgagor to continue in the sale of the mortgaged goods at retail for his own benefit, the mortgage will be unavailing against a judgment creditor of the mortgagor, and such arrangement or permission may be shown by circumstances.

8. REPLEVIN—*in cepit.* To sustain the action of replevin for a wrongful *taking* and detaining a personal chattel, it is necessary to show that the defendant wrongfully took it from the actual or constructive possession of the plaintiff.

9. ADMISSION—*by the pleadings.* It is a fundamental rule in pleading that a material fact asserted on one side, and not denied on the other, is admitted. Where a wrongful taking is alleged in a declaration in replevin, the plea of *non detinet* admits the fact of the wrongful taking.

10. SAME—*by failing to reply to plea.* In replevin, where the defendant pleaded property in a third person, and justified the taking under execution against such third person, and a trial was had without answer to such pleas: *Held,* that the defendant was entitled to a verdict of property in such third person, and to a return of the property, the truth of the pleas being admitted.

APPEAL from the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Messrs. MCWILLIAMS & TALLEY, for the appellant.

Mr. A. N. KINGSBURY, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was replevin, in the Montgomery circuit court, by Wood, as mortgagee of Marshall, against Simmons, who, as constable, and having an execution from a justice's court, on a judgment against Marshall, levied upon and took the goods out of Marshall's possession, before default under the mortgage; whereupon Wood sued out a writ of replevin in the *cepit* against Simmons, by virtue of which the goods levied upon were replevied. The declaration contains but one count, and that is for the *wrongful taking* and detention of the goods.

The defendant filed three pleas: (1.) That he does not wrongfully detain the goods, etc., concluding to the country, etc. (2.) Property in Marshall, concluding with a verification. (3.) Justification under the execution; also concluding with a verification. No replication was filed.

The jury returned the following verdict: "We, the jury, find for the plaintiff all the goods described in the affidavit,

with the exception of the stoneware and one barrel of vinegar—that subject to execution."

The defendant moved the court to set aside the verdict for uncertainty and want of form, and for a new trial. The court, overruling the motion, gave judgment in the following form : "It is therefore considered and ordered by the court that the said plaintiff recover of and from the defendant all the property described in the plaintiff's affidavit, except the stoneware and one barrel of vinegar, which is subject to execution, and a writ of *retorno* awarded to defendant." From this judgment defendant appealed and assigns various errors.

It appears that, at the time of the levy, Marshall was in possession under a clause in the mortgage giving him the right to retain the possession and use of the chattels until the day of payment of his debt to Wood, which had not then arrived. He therefore had such a legal interest in the property as might be seized, and, but for the insecurity clause in the mortgage, sold on execution against him. *Prior* v. *White*, 12 Ill. 261 ; *Mattison* v. *Bancus*, 1 Comstock, 295, and cases there cited.

It is well settled that, upon failure of mortgagor to perform the condition of the mortgage, the legal title to the chattel mortgaged becomes vested absolutely in the mortgagee. *Brown* v. *Bement*, 8 Johns. R. 96 ; *Ackley* v. *Finch*, 7 Cow. 290 ; *Langdon* v. *Buel*, 9 Wend. 80 ; *Patchin* v. *Pierce*, 12 Wend. 61.

If the chattels mortgaged be levied upon in the hands of the mortgagor under a right given to retain the possession and use until the debt secured matured, and such levy be before default, then, whether the mortgage contain the insecurity clause or not, the officer is not a trespasser in making the levy, and neither the action of trespass nor replevin in the *cepit* will lie in favor of the mortgagee for such act. But where the mortgage contains no insecurity clause, and the debt matures before sale under the writ, the mortgagee may demand the property of the officer, and, on refusal, maintain trover or replevin in the *detinet*. So, where the mortgage

contains the insecurity clause, the mortgagee may, immediately upon the taking by the officer, exercise the right given by that clause, and demand possession of the property. If refused, he may maintain trover or replevin in the *detinet* for the wrongful detention. Before the exercise of such right or default, the general property is not in the mortgagee so as to draw to it a possession in law. The general rule laid down in the books is as follows: "The person in whom the general property in a personal chattel is, may maintain an action of trespass for the taking of the chattel by a stranger; for a general property always draws to it a possession in law, which is, in the case of a personal chattel, by reason of the transitoriness of its nature, sufficient to found this action upon." *Barrett* v. *Warren,* 3 Hill, 353.

To sustain the action of replevin for wrongfully *taking* and detaining a personal chattel, it is necessary to show that the defendant wrongfully took it from the actual or constructive possession of the plaintiff. This is elementary law. Hence the plaintiff could not, under the circumstances, have maintained replevin in the *cepit* under a plea of *noncepit.* But it is a fundamental rule in pleading, that a material fact asserted on one side, and not denied on the other, is admitted. *Dana* v. *Bryant,* 1 Gilm. 104; *Pearl* v. *Wellman,* 3 id. 311; *Briggs* v. *Dorr,* 19 Johns. 95; *Jack* v. *Martin,* 12 Wend. 316; *Raymond* v. *Wheeler,* 9 Cow. 295.

The wrongful taking alleged in the declaration was traversable, and the defendant admitted it by denying the wrongful detention only.

The allegation of property in plaintiff was not admitted, because it was traversed in both the plea of property in Marshall, and justification under the execution. These pleas remaining unanswered, entitled the defendant to a verdict of property in Marshall and judgment of return.

Evidence was given tending to show that Marshall, after giving the mortgage to Wood, continued to carry on his retail trade from the stock mortgaged, as before, making additions

by purchases, and that Wood had knowledge that the mortgagor was thus dealing with the property.

The court instructed the jury for plaintiff that, if the mortgagor mixed his goods with those of the mortgagee, that fact would not, in law, prejudice the rights of the mortgagee under his mortgage, and would not, of itself, justify an officer in levying upon the mortgaged property.

It will be perceived that this instruction has no hypothesis as to whether this intermixture was with the knowledge and consent of the mortgagee or not. The instruction was calculated to mislead. It is implied that the mortgagee would be entitled to the substituted goods, if there was such an intermixture as destroyed the identity of those covered by the mortgage, whether the mortgagee knew of it and assented or not.

In *Dunning* v. *Stearns*, 9 Barb. 630, it was held that, where the mortgagor intermixed the ashes mortgaged with other ashes without the *consent or knowledge* of the mortgagee, the lien was not destroyed. The case at bar is where the identity was lost, measurably, at least, by the mortgagor carrying on a retail business with the mortgaged goods, and filling up the stock with others as it became diminished. It is settled that the mortgagee could not hold the substituted goods, especially unless they passed into the hands of the mortgagee before other liens attached, and then it would be only an equitable lien, cognizable in a court of equity. *Hunt* v. *Bullock*, 23 Ill. 325 ; *Titus* v. *Mabee*, 25 id. 257.

If, by any arrangement, express or implied, between the mortgagor and mortgagee, the former continued in the sale of the goods mortgaged, at retail, for his own benefit, the mortgage would be unavailing against the judgment creditors of Marshall, and such arrangement or permission might be shown by circumstances. *Gardner* v. *McEwen*, 19 N. Y. 123 ; *Edgell* v. *Hart*, 5 Seld. 213.

The verdict of the jury was not only informal, but erroneous. As the pleadings stood, the verdict could not find

property in plaintiff, if that is its meaning. It should have found that the property was that of Marshall, the defendant in the execution. *Hanford* v. *Obrecht,* 49 Ill. 146.

The judgment of the court below will be reversed and the cause remanded.

*Judgment reversed.*