## JESSE HOLLADAY ET AL.

### V.

## PHILLIP BARTHOLOMAE ET AL.

1. DISTRESS FOR RENT—CHATTEL MORTGAGE.—A mortgagor in possession of mortgaged chattels has such an interest in the property as may be seized on execution or distress for rent.

2. LEVY UPON MORTGAGED CHATTELS.—A person making a levy upon mortgaged goods in the possession of the mortgagor, is not a trespasser in making such levy, and neither replevin in the *cepit* nor trespass will lie for such taking.

3. DEMAND.—Where mortgaged chattels in the possession of the mortgagor are taken under a distress warrant, such taking] is not tortious, and before the mortgagee can take such chattels by replevin there must be a demand. A mere statement by one that he demanded the goods for the mortgagee, without showing that he was authorized to do so, is not a sufficient demand.

Holladay v. Bartholomae.

Appeal from the Circuit Court of Cook county; the Hon. Kirk Hawes, of the Superior Court sitting as Circuit Judge, presiding.   Opinion filed July 25, 1882.

Mr. Mr. H. D. P. Hoiser, for appellants; that under the possession clause in the mortgage, the mortgagees had no right to immediate possession, and could not maintain trover or replevin, cited Pierce v. Stevens, 30 Me. 184; Bradley v. Copley, 1 C. B. 685.

If the levy was made while the mortgagor was in possession, the mortgagees must make demand before bringing suit: Simmons v. Jenkins, 76 Ill. 479.

Mr. August Marx, for appellees; that to constitute a valid levy, the officer must take possession of the property levied upon, cited Minor v. Herriford, 25 Ill. 344; Logsdon v. Spivey, 54 Ill. 104; Chittenden v. Rogers, 42 Ill. 100.

As to the mortgagee's right to take possession of the property: Lewis v. D'Arcy, 71 Ill. 648; Fox v. Kitten, 19 Ill. 519.

Upon filing the mortgage for record, it becomes notice to all the world: Kiser v. Heuston, 38 Ill. 252; Nattinger v. Ware, 41 Ill. 245; Craig v. Dimock, 47 Ill. 308.

When a party commits a trespass by wrongfully taking possession of property, no demand is necessary: Bruner. v. Dyball, 42 Ill. 34; Gibbs v. Jones, 46 Ill. 320; Hardy v. Keeler, 56 Ill. 152.

Wilson, P. J.   This was trover brought by appellees against appellants, to recover the value of certain saloon furniture to which appellees claimed title through a chattel mortgage made by Puetz and Duesberg.

The goods had been seized by Holladay under a distress for rent against Puetz and Duesberg, who were his tenants. The mortgage was given to secure an alleged indebtedness of Puetz and Duesberg of $600, evidenced by their note bearing date May 2, 1877, payable in two years after date; the mortgage was recorded May 3, 1877.   It contained provisions for the retention of the property by the mortgagor until default in payment of the note, and also an insecurity clause giving the mortgagees the right to reduce the same to possession in case they should feel unsafe, etc.

The property was seized by appellants under a distress warrant May 3, 1877, the day on which the mortgage was recorded.

There was a jury trial resulting in a verdict for the plaintiffs for $341.55, for which amount the plaintiffs had judgment.

It is settled law that a mortgagor in possession of mortgaged chattels under a clause in the mortgage, giving him the right to retain possession until his debt matures, has such a legal interest in the property as may be seized under an execution or distress for rent; and if there be no insecurity clause, it may be sold on execution.

If mortgaged chattels be levied upon in the hands of the mortgagor under a right given in the mortgage to retain possession until the debt matures, and such levy be before default, then whether the mortgage contains the insecurity clause or not, the person making the levy is not a trespasser in making such levy, and neither trespass nor replevin in the *cepit* will lie in favor of the mortgagee for such act. Simmons v. Jenkins, 76 Ill. 479, and cases cited.

Here the debt secured by the mortgage had not matured, nor had the mortgagees taken possession under the insecurity clause of the mortgage. Until one or the other of these events had happened, the general property in the goods remained in the mortgagor, and hence such an interest as was subject to levy or distress.

The taking of the mortgaged property on the distress warrent, was, therefore, not tortious but was rightful. It follows that before the mortgagees could maintain replevin to recover the possession of the goods, or trover for their value, they must have demanded possession of the same before the bringing of suit. This they failed to do. True Puetz swears he made a demand for the goods for Bartholomae and Leicht under their mortgage; but he does not swear that he had any authority from them to make a demand. On the contrary we think it apparent from the evidence that he had no such authority, but was acting wholly on his own motion.

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.