## Eli Orebaugh
### v.
## Susan M. Davis.

*Chattel Mortgages—Sale of Goods Covered by Mortgage with Mortgagee's Consent—Fraud.*

1. While chattel mortgages are allowable and recognized by our statutes, and should be upheld where fair and *bona fide*, fraud should not be allowed and sustained under their cover.

2. A mortgagee who allows mortgaged property to be sold without requiring the proceeds thereof to be applied upon the mortgage debt, loses the lien thereof.

[Opinion filed May 20, 1892.]

Appeal from the Circuit Court of Iroquois County; the Hon. Alfred Sample, Judge, presiding.

Mr. W. F. Pierson, for appellant.

Mr. R. W. Hilscher, for appellee.

Lacey, P. J. The controversy in this case is concerning

twenty-six pigs, the property of Frank W. Davis. The pigs were taken by the appellant to satisfy a certain execution held by him as sheriff, issued out of the Circuit Court in favor of J. Brelsford against Frank W. Davis. The appellee was the mother of Frank W. Davis, and held a chattel mortgage on the pigs, given by him to her to secure a certain indebtedness, due from him to her, and at the time the execution was levied the chattel mortgage was in force, and a prior lien on the property in controversy to the execution, unless released by her, by giving her consent to the sale of the property to the mortgagor, without requiring the proceeds of the sale to be applied on her indebtedness, which is the real controversy in this case.

It appears from the evidence that appellee and her son lived together on the same farm, and that the pigs in question were the progeny of some brood sows of Frank W. Davis which she held under a chattel mortgage from him, and that the pigs were the increase of the sows subsequently to the giving of the mortgage. The pigs were sold by Davis to Owen & Durham and delivered to them at their stock yards in Onarga by Davis with the consent of appellant, and were there found and taken on the execution in question by the sheriff, the appellant. After the levy, the sale between Davis and Owen & Durham was annulled by their mutual consent and no money passed between them as a consideration for the pigs. There was no proof in the case showing or tending to show that the purchase price of the pigs was intended by Davis and his mother, the appellee, to be applied in discharge of the mortgage. It is insisted by appellee that such would be the legal presumption in the absence of any proof on the question. We are of the opinion that the evidence unexplained would be sufficient to establish fraud in the transaction as well as in the execution of the mortgage.

The appellee was the mother of Frank W. Davis and he was residing with her, and held a mortgage on his property for a certain stated amount, and he was permitted by her to sell his property and use the proceeds thereof the same as though no mortgage existed. This would not be justice to

his creditors. The property sold was a very considerable part in value of the mortgaged property, and under the evidence, when sold, would not go to reduce the mortgage debt. It operated simply as a shield to Frank W. Davis to ward off his creditors while he enjoyed the immunity thus afforded. Considering the circumstances and the manner of dealing between appellee and her son and the effect thereof to his creditors, the conclusion would be irresistible that this very immunity in the giving of the mortgage was intended and contemplated. If that be the case, then the mortgage was fraudulent and void as to F. W. Davis' creditors. Simmons v. Jenkins, 76 Ill. 479; Goodheart v. Johnson, 88 Ill. 58. While chattel mortgages are allowable and recognized by our statute and should be upheld by the court where fair and *bona fide*, fraud should not be allowed and sustained under their cover.

Under the state of the evidence, the question of fraudulent intent of the appellee and her son in the execution of the mortgage should not have been taken from the jury, as was done by the court in the giving of appellee's first instruction. It told the jury in substance that if appellee held a valid chattel mortgage on the property, and while the lien of such mortgage was in force the goods were levied on, etc., and appellee made proper demand, she would be entitled to recover. The jury would understand from this, that if the mortgage were shown, inasmuch as the time it was to run had not expired either by its terms or operation of law, then appellee had an undoubted right to recover notwithstanding the evidence of fraud. This appears to have been the view of the court, as it refused appellant's instruction, to the effect that the appellee allowing the sale of the pigs without requiring the purchase money to be applied on the mortgage debt, would be, under the facts of the case, fraudulent.

For these reasons the judgment of the court below is reversed and the cause remanded.

*Judgment reversed and cause remanded.*