Lange v. Cole.

---

Theodore G. Lange, Plaintiff in Error, v. Alfred L. Cole, Defendant in Error.

Gen. No. 13,728.

1. MUNICIPAL COURT ACT—*when certificate of statement of facts sufficient. Held,* that the certificate appended to the statement of facts made pursuant to clause 6 of section 23 of the Municipal Court Act was sufficient.

2. CHATTEL MORTGAGES—*when void.* A chattel mortgage becomes void as to third parties where the mortgagee takes possession of the mortgaged property for breach but subsequently re-delivers possession to the mortgagor.

FREEMAN, J., dissenting.

Replevin. Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and judgment here. Opinion filed April 17, 1908.

ASA I. REYNOLDS, for plaintiff in error.

PIERSON & PEASE and ALBERT H. FRY, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Plaintiff in error brought in the Municipal Court replevin against the defendant in error for an automobile. The machine was taken on the writ, and a trial of the cause, by the court without a jury, resulted in a judgment for the defendant, to reverse which this writ of error is prosecuted.

Clause 6 of section 23 of the Municipal Court Act provides that it shall be the duty of the judge who enters judgment, "to sign and place on file  *  *  * a correct statement of the facts appearing upon the trial and of all questions of law involved in such case,  *  *  *  which statement with a certified copy of the transcript of the judgment,"  *  *  *  shall be certified to this court, "as the record to be considered upon the review of such judgment." The transcript in this case contains what purports to be a "statement of facts" and of "Questions of Law involved," with the following certificate signed by the trial judge: "I hereby certify that the foregoing is a correct statement of the facts appearing upon the trial of this cause, together with the questions of law involved, and the decisions of the court upon said questions of law." A motion by the defendant in

error to strike from the transcript said statement, for the reason that the certificate of the trial judge is insufficient, and for the further reason that the statute above quoted is invalid, was reserved to the hearing.

We think the certificate is sufficient in form. It is certified to be a correct statement of ''the questions of law involved,'' and, if so, it must state *all* the questions of law involved.

If the question of the validity of the clause of the Act which provides for a ''statement of facts'' in place of a bill of exceptions, is a question which this court has jurisdiction to decide, we are unable to concur in the contention that the provision is invalid, and the motion to strike out the statement of facts will be denied.

Defendant's claim to said machine is based upon a chattel mortgage thereon, given to him by Cosgrove and Johnson. Plaintiff's claim thereto is based upon a levy and sale by a bailiff of the Municipal Court under an execution issued out of that court against Cosgrove and Johnson, and his contention is, that defendant took possession of said machine under said mortgage for breach of condition, and after taking such possession surrendered and redelivered said machine to the mortgagors, and that thereby said mortgage became void as to the condition of the mortgagors.

''The facts as to said mortgage and the taking possession of the machine by plaintiff and the surrender of such possession to the mortgagors set forth in the statement of facts are as follows:

The evidence shows that on May 10, 1906, Godfrey Johnson and Oak L. Cosgrove, co-partners, trading as Johnson & Cosgrove, being indebted to defendant, executed and delivered to him their nine (9) promissory notes, eight (8) of said notes being for $100 each and the other for $50. The said notes were made payable —one on the tenth of each month after date; and to secure the payment of said notes Johnson & Cosgrove executed and delivered to defendant a chattel mortgage which was recorded in recorder's office of Cook

county May 16, 1906, conveying the automobile in question, as by the said notes and chattel mortgage, copies of which are hereto attached, marked "Exhibit A," and made a part hereof, will more fully appear.

"On or about October 1, 1906, default having been made in one or more of the said notes (the evidence does not disclose the amount due) the defendant, by his attorneys, Messrs. Pierson & Pease of the City of Chicago, placed the said mortgage and notes in the hands of one Harry Underdown, who at that time was a county constable of Cook county, with directions to demand payment of the amount due, and upon failure to receive payment, to take possession of the automobile under the terms of the mortgage. To aid him in the matter, Constable Underdown employed one W. B. Scott, also a county constable of Cook county. Underdown and Scott proceeded to the place of business of Johnson & Cosgrove, which was located at 466 North Clark street, in the City of Chicago, and not finding the mortgagors they proceeded to the house of O. L. Cosgrove and made demand for payment of the amount due on the notes. Payment being refused Underdown and Scott took possession of the automobile, and started with it down to the offices of Pierson & Pease, which were located in the Chamber of Commerce building, in the City of Chicago, at the corner of La Salle and Washington streets. They had proceeded only a short distance when they were overtaken by Johnson, one of the mortgagors, who inquired of them what they were going to do with the machine. Underdown replied that he had taken possession of it under the mortgage, and was taking it down to the offices of Pierson & Pease. Johnson told Underdown that he thought the matter could be adjusted, and suggested that he accompany Underdown and Scott to the offices of Pierson & Pease, and see if an adjustment could not be effected. This was assented to by Underdown, and the party procedeed to the offices of Pierson & Pease. Upon arriving at the building Underdown left Scott and Johnson's chauffeur in charge of the machine, and went up to the offices of Pierson & Pease, accompanied by Johnson. The evidence shows that Johnson paid the notes which were

due at that date, together with costs, and Underdown was told by Mr. Pierson of Pierson & Pease, that an adjustment had been made and that he might let Johnson take the machine. Underdown went with Johnson to the machine on the street, and repeated to Scott what Pierson had told him, and thereupon the machine was surrendered to Johnson, who took the machine and retained possession of it until some time in January following. Nothing further was done about the foreclosure of the mortgage.''

The mortgage contains the following provision:

''And provided, also, that it shall be lawful for the said mortgagor to retain possession of the said goods and chattels, and at their own expense, to keep and use the same, until default shall be made in the payment of the said sum or sums of money above specified, either principal or interest, at the time or times, and in the manner hereinbefore stated, or of any other condition of this mortgage. And the said mortgagors hereby covenant and agree that in case default shall be made in the payment of the notes aforesaid, or any part thereof, or the interest thereon on the day or days on which the same shall become due and payable * * * then all of said notes and sums of money, both principal and interest, shall, at the election of the said mortgagee, without notice, become due and payable; and the said mortgagee shall thereupon have the right to take immediate possession of said property.''

The mortgage was recorded May 16, 1906. The notes put in evidence are all dated May 10, 1906; five are for $100 each, due in four, five, six, seven and eight months respectively after date, and one is for $50 due nine months after date.

The facts in relation to the execution sale on which plaintiff's claim is based are set out in said statement as follows:

''Some time during January, 1907, an execution against Johnson & Cosgrove, in favor of the Harman Manufacturing Company, issued out of this court, was placed in the hands of W. B. Scott, a deputy bailiff of

this court. This W. B. Scott is the same person who accompanied and assisted Constable Underdown in taking possession of the automobile as set forth above. Scott levied on the machine in question, and on January 29, 1907, sold it to plaintiff as above set forth, for one hundred and ninety-five dollars ($195); Scott stating that he was selling the interest of Godfrey Johnson and Oak L. Cosgrove in said property.

"Before and during the progress of the sale, the agent of mortgagee appeared and exhibited a mortgage and notes and gave notice to plaintiff and other prospective purchasers that the automobile offered for sale was covered by a chattel mortgage, which he held, and on which there was still due and unpaid the sum of five hundred dollars ($500) and accrued interest, the said mortgage being the same mortgage referred to above. Bailiff Scott, however, thereupon, stated to plaintiff that the mortgage exhibited was void; that he, himself, had foreclosed it."

The trial court held upon the questions of law involved, that the said chattel mortgage "was a first and valid lien on said automobile, and such lien was not invalidated by the action of the defendant about October 1, 1906, in taking possession and turning back to the mortgagors of said automobile as set forth in the above statement."

In this state possession by a mortgagor of mortgaged chattels makes the mortgage *per se* fraudulent as to third persons unless such possession is held under the terms of the mortgage. Burnham v. Mueller, 61 Ill. 453; Constant v. Matteson, 22 *id.* 546; Reed v. Eames, 19 *id.* 594. The mortgage in this case contains a provision that the mortgagors might retain possession until default in some condition of the mortgage, and also provides that in case of default in the payment of any of said notes, the mortgagee should have the right to take possession of the mortgaged property.

The act of the defendant in taking possession of the machine for breach of the condition of the mortgage completed his title and thereby the legal title vested

absolutely in him. McConnell v. The People, 84 Ill. 584; Simmons v. Jenkins, 76 Ill. 479; Drufee v. Grinnell, 69 *id.* 371. He could not by a redelivery of the machine to the mortgagors restore to them the right of possession given them by the mortgage, for that right had been forfeited and determined. "If a mortgagee, after taking possession, allows the property to go back into the hands of the mortgagor, the possession of the former is at an end, and the property is liable for the debts of the mortgagor." Jones Chat. Mortgs., sec. 181; Dorland v. Bradley et al., 66 Ill. 412.

We think that by the defendant's acts of taking possession of the machine and afterwards surrendering or redelivering the same to the mortgagors, the mortgage became void as to creditors of the mortgagors. It is immaterial what notice the defendant gave of his mortgage at the time of the execution sale. "There is no want of good faith on the part of a creditor in levying upon his debtor's property included in a chattel mortgage which the law declares void as to him." Porter v. Dement, 35 Ill. 478, 480.

The judgment of the Municipal Court will be reversed and judgment entered here for the plaintiff in the Municipal Court, plaintiff in error here, against the defendant in error here, with one cent damages.

Judgment reversed with judgment here for plaintiff in error, with one cent damages.

*Affirmed.*

Mr. Justice FREEMAN dissenting.