John L. McCormick

v.

William L. Huse.

1. Evidence—*to contradict facts admitted by the pleadings, not admissible.* In an action of trespass for injury to plaintiff's private road to a ferry landing, the defendant pleaded that the tract of land was the soil and freehold of A, and that the trespasses were committed by his leave. To this the plaintiff replied, setting up a written agreement of A for the right of way over the land to the ferry, its terms, the consideration of it, and the taking of possession under it, and construction of the road. The rejoinder was that, prior to the acts of trespass, the premises had ceased to be used as a road, and had been abandoned. This was denied by the surrejoinder: *Held,* that the execution of the agreement by A, its consideration, terms, and the taking of possession and construction of the road, as stated in the replication, not having been traversed, were admitted to be true, and that it was error to admit evidence to disprove the facts thus admitted on the record.

2. Same—*parol to vary written agreement—opinion.* Where a written agreement for a right of way was read in evidence, the court allowed the party who executed the same to testify to his understanding of the contract, and state terms and conditions not in the writing: *Held,* that the writing was the best evidence of the witness' understanding at the time, and that parol evidence tending to vary and contradict the terms and conditions of the written instrument, was incompetent and not admissible.

3. Trespass—*possession necessary to maintain action.* It is sufficient, in an action of trespass, that the plaintiff was in the possession of the property trespassed upon. It is not necessary that his possession should be an exclusive one.

4. Where the plaintiff's instructions, as asked, state the possession necessary to be found to sustain the action, it will be error for the court to modify the same by requiring the jury to find that his possession was *"actual and exclusive,"* as such modification is calculated to mislead the jury.

Appeal from the Circuit Court of LaSalle county; the Hon. Edwin S. Leland, Judge, presiding.

This was an action of trespass *quare clausum fregit,* by John L. McCormick against William L. Huse. The facts upon

which the case was decided in this court are stated in the opinion.

The second of the plaintiff's instructions referred to in the opinion, was as follows:

"2. If the Illinois River Bridge Company did construct their floating bridge and their roadway therefrom to the bluff, and, in doing so, became indebted to the plaintiff for work and money, (or work or money) expended in doing said work; and if, in consideration thereof, the plaintiff took possession of said bridge and roadway with the consent or acquiescence of said bridge company, for the purpose of reimbursing himself for the money and work he had expended and had so invested, by the profits arising from the same, and he was so in possession of said floating bridge and roadway, using the same for his own profit, such possession is sufficient for him to maintain trespass for any unlawful violation of such possession."

The court refused to give the instruction as asked, but modified the same by inserting the words "*actual, exclusive,*" before the word possession, in the second place where it occurs.

Verdict and judgment in favor of the defendant. Motion for new trial overruled, and the plaintiff appealed.

Messrs. DICKEY, BOYLE & RICHOLSON, for the appellant.

Mr. G. S. ELDRIDGE, and Mr. E. F. BULL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit.* The declaration, containing five counts, after averring the commission by the defendant of divers distinct acts of trespass to three several closes of the plaintiff, alleged further, that the plaintiff was possessed of a pontoon bridge and ferry across the Illinois

river, from the city of Peru to a point on the south side of the main channel of the river, situate upon one of said closes, and was also possessed of a road, which he had constructed at great cost, leading from the bridge and ferry across said close to a point upon plaintiff's adjoining close, where it communicated with a highway; that defendant dug down and destroyed certain embankments of earth constituting a part of the road, and erected certain fences across the road, whereby travel to and from the bridge and ferry was obstructed.

Various points are made for the reversal of the judgment. We shall confine our attention to two of them, as we find in these sufficient ground upon which to dispose of the case.

The 4th plea was, that, as to so much of the trespasses alleged to have been committed on the south fraction of the northeast quarter of section 20 (one of said closes), that ground was the soil and freehold of Theron D. Brewster, and that the alleged trespasses were committed by his leave.

The second replication to this plea was, that, on the 11th of June, 1857, Brewster agreed, in writing, with the "Illinois River Bridge Company of Peru," by the name of the "Bridge Company," as follows:

"I hereby agree to release the right of way for the Bridge Company, 4 rods wide, across the south fraction of the northeast quarter of section 20, on the opposite side of the river, commencing at the opposite side of Water street, in the town of Ninewa, the line across as agreed upon by John L. McCormick and Mr. Bull, and surveyed by Mr. Lambert, city surveyor, as long as it is used for a road; and to allow the Bridge Company to take what earth they may want to raise their embankments, and am to make said release as soon as the surveyor gets the metes and bounds." That, in pursuance of the agreement, and with Brewster's knowledge and consent, the Bridge Company took possession of the land and constructed the road thereon; that thence to the time of the alleged trespasses, the road across said tract was used as a road from and to Peru; that the consideration of the agreement

was the construction of the road and the benefit ·to arise therefrom to Brewster and the public, and that at the time of such trespasses, and from the time of the construction of the road, plaintiff was and still is in the actual possession of the road, holding the same under the Bridge Company.

The rejoinder to this replication was, that, prior to the commission of the alleged trespasses, the rights of the Bridge Company and of the plaintiff under said agreement had determined, and the premises had ceased to be used as a road, and that it had been abandoned by the Bridge Company, and Brewster had resumed possession thereof.

The surrejoinder to this rejoinder was, that the premises had not ceased to be used as a road at the time of the commission of the alleged trespasses, upon which issue was taken.

On the trial evidence was given tending to prove that the Illinois River Bridge Company, a corporation chartered by the act of the legislature of the 10th of January, 1857, did, in that year, construct across the Illinois river at Peru a pontoon bridge, and also in that and the following year a roadway from the south end of the bridge through the closes in question to the bluff on the south side of the river, a distance of more than a mile, and that from the time of the construction of the bridge it received toll from persons crossing the river on the bridge; that the plaintiff, as a contractor for the Bridge Company, at his own expense, constructed the bridge and roadway, and that about 1860, the Bridge Company being indebted to the plaintiff therefor, the plaintiff, with the consent of the company, took and ever since held possession of the bridge and roadway, to hold and use the same in his own right and for his own benefit, until the debt should be paid. The agreement above recited in the second replication was introduced, with evidence tending to prove that the roadway was constructed on the line mentioned in the agreement.

Brewster, as a witness for the defendant, was permitted to testify, against the objection of plaintiff, that he signed the agreement in consideration solely of the benefit he anticipated

would arise from the construction of a permanent bridge with stone piers; that he gave the agreement with the express understanding that, whenever a permanent bridge was built, he would give the right of way ; that when he gave the writing he supposed a permanent bridge was to be built within three years, and his understanding was, that this writing was to extend only three years; and that witness refused to give the deed of the right of way afterward, because the bridge was not built according to the understanding.

It is insisted that this testimony was inadmissible, because it was irrelevant and contrary to what was admitted by the pleading of the defendant; because the witness testified as to his *understanding*, and because the testimony went to vary the terms of a written instrument.

We regard the objections to the testimony as well taken.

The issue under the 2d replication to the 4th plea was narrowed down to the single point, whether the ground in question, at the time of the alleged trespass thereon, had ceased to be used as a road. The testimony was irrelevant to this issue.

The execution of the agreement, the terms of it, the consideration of it, the taking possession and construction of the road under the agreement, are stated in the replication, and, not having been traversed by the defendant's subsequent pleading, they are admitted by it. The testimony was contrary to what was thus admitted on the record, at least so far as respected the consideration of the agreement, and the length of time for which the right of way was agreed to be released.

It was improper to allow any testimony touching the agreement to prove the facts to be different from what they were admitted to be by the pleadings.

The written agreement afforded the true evidence of what the understanding of the witness was. He should not have been permitted to testify to his understanding.

There was nothing in the written agreement about a permanent bridge, or a bridge with stone piers, nor as to the writing having only three years to run.

The testimony in these respects was incompetent, as tending to vary and contradict the terms and conditions of a written instrument.

Also, the refusal of the court to give plaintiff's instruction, F, relative to this Brewster agreement, was erroneous for the reasons above stated.

It is also assigned for error the modifying by the court of plaintiff's 1st and 2d instructions, and the giving of defendant's instruction marked "P."

The modification consisted in requiring that the possession of the plaintiff, in order to entitle him to recover, must have been an " actual, exclusive " possession, and the instruction given for defendant required the same.

It is sufficient, in an action of trespass, that the plaintiff was in the possession of the property trespassed upon. It is not necessary that his possession should have been an exclusive one. The possession described in the second instruction, as asked, was certainly sufficient, and the modification of it, suggesting that such possession might not be actual, or might not be exclusive, was erroneous, and calculated to mislead the jury.

For the errors indicated, without considering any of the others which have been assigned, the judgment must be reversed and the cause remanded.

*Judgment reversed.*