## CARL AFFELD ET AL.

### v.

## THE PEOPLE, etc.

1. PLEADING—DEMURRER.—If a plaintiff desires to raise a question of law, whether a bond set out *in hæc verba* in defendant's plea, is invalid upon its face, he must demur to the plea so that the question of law will be properly presented to the court for decision.

2. PLEADING—ISSUE OF FACT.—If a plaintiff claims that the bond as set out in defendant's plea is not the one which was in fact taken, he must so aver in his replication to the plea, so that that question of fact will be put in issue. Otherwise he admits that the bond set out in the plea was the one actually taken.

3. OMISSION OF NAME OF SURETY IN REPLEVIN BOND.—Although the name of a surety is not mentioned in a replevin bond, it does not affect the validity of the bond; for although the name of the party is not mentioned in the bond, yet if he signs and seals it, he will be bound.

4. MISTAKE OF NAME IN BOND—INTENT OF WHOLE INSTRUMENT SHOULD GOVERN.—Where at the beginning of the condition and in the mention of the name of the person who sues out a writ of replevin, it is the said A instead of S, and from the whole instrument there is no doubt that S was the person intended, the court should look at the whole instrument and thereby determine who was the party intended.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed January 3, 1883.

This was debt upon a constable's bond, in the penal sum of five thousand dollars, made by Carl Affeld, the constable, as principal, and Charles E. Affeld, as one of the sureties. The action was for the use of one D. S. Balckom, against whom Charlotte Steiber, as it was alleged, had, December 11, 1877, sued out a writ of replevin from a justice of the peace, for certain specified goods and chattels, and delivered said writ to said Carl Affeld to be executed. The breach assigned was that said Carl Affeld took, accepted, approved and returned a replevin bond in that case that was insufficient, defective, and absolutely worthless; and such replevin suit having been dismissed by the court, and judgment *de retorno habendo*

Affeld et al. v. The People.

and for damages awarded against said Steiber, which could not be enforced or collected, said Balckom sustained damages, etc. The defendants having filed the plea of *nil debet* (on which plaintiff took issue), filed a special plea in which they averred that said Carl Affeld as such constable, kept and performed all the conditions of his said bond, and that before executing the said writ of replevin he took from the said Charlotte Steiber a good and valid replevin bond, as by law he was required to do, which bond was in the words and figures as follows:

" Know all men by these presents, that we, Mrs. Ch. Steiber and ———— are held and firmly bound unto C. Affeld, a constable in the said county of Cook, in the State of Illinois, and to his successors in office, executors, administrators and assigns, in the penal sum of four hundred dollars, lawful money of the United States, for the payment of which sum we do hereby bind ourselves, our heirs, executors and administrators."

" The condition of the above obligation is such that, whereas, on the 11th day of December, A. D. 1877, the said Mrs. Ch. Affeld sued out a writ of replevin before A. L. Morrison, Esquire, a Justice of the Peace in and for said county of Cook, against D. S. Balckom, defendant, for the recovery of the following described goods and chattels, to wit: eighty glasses, a lot of wine bottles, one mirror, one pool table, twenty kegs, one piano, one counter and shelves, an ice box, twelve chairs, three tables."

Now if the said Mrs. Ch. Steiber, plaintiff, shall prosecute her suit to " affect, and without delay, and make return of the said property, if return thereof shall be awarded, and save and keep harmless the said constable in replevying the said property, then this obligation to be void ; otherwise to remain in full force and effect."

Witness our hands and seals this 11th day of December, A. D. 1877.    Signed,    CHARLOTTE STEIBER, [SEAL.]
HENRY SOELKE,    [SEAL.]

Taken and approved by me this 11th day of December, A. D. 1877.    C. AFFELD, Constable.

The plea then averred that said Soelke, the surety, was a man of large means and had sufficient property to satisfy the amount in said bond; the plea concluding with a verification. To that plea the plaintiff replied simply that the defendant Carl Affeld did not, before executing the said writ of replevin in the declaration set forth, take from the said Charlotte Steiber a good and valid replevin bond, as by law he was required to do, concluding to the country.

On the trial before the court without a jury, the plaintiff stipulated that Henry Soelke, the surety on the replevin bond, was financially solvent, and good for the amount in the bond. The defendants offered the replevin bond set out in said plea in evidence, but on objection by plaintiff's counsel, the court excluded it.    To which ruling defendants excepted.    The court found the issues for the plaintiff.    To which defendants also excepted.    Judgment went against the defendants, upon which they prosecute this appeal.

Mr. HARRY RUBENS and Mr. JULIUS GOLDZIER, for appellants; that the question of the validity of the replevin bond was not put in issue by the pleadings, but its validity in law was admitted by appellee's replication, cited Gould on Pleading, Ch. 3, § 181, Ch. 6, § 97, Ch. 7, § 48; Stephen on Pleading, 201; Tyler's Stephen on Pleading, 201; Home Ins. Co. v. Favorite, 46 Ill. 263; Matthews v. Storm, 72 Ill. 316; Pritchell .v. The People, 1 Gilm. 525.

The meaning and legal effect of a contract is a question of law for the court:    Belder v. Woodmansee, 81 Ill. 25.

A mere clerical error in a replevin bond which is otherwise formal, will not invalidate the instrument: Green v. Walker, 37 Me. 27; Marion v. Faxon, 20 Conn. 487; Butler v. Weigge, 1 Saund. 65; Wang v. Russell, 5 Taunt. 707; Arnold v. Allen, 8 Mass. 174; Graves v. Schoefelt. 60 Ill. 464; Hibbard v. McKindley, 28 Ill. 240; Bache v. Proctor, Doug. (Eng.) 367.

A technical defense not going to the substance of the contract will not be permitted in suits on replevin bonds: Wells no Replevin, 437; O'Grady v. Keyes, 1 Allen (Mass.), 284.

Where the words are ambiguous the intent must govern:

Teal v. Van Wyck, 10 Barb. 377; Wells on Replevin, 439.

As to the rule for preserving evidence: Nason v. Letz, 73 Ill. 372; Howell v. Goodrich, 69 Ill. 559; Schmidt v. C. & N. W. R. R. Co. 83 Ill. 405.

Mr. JOHN P. ALTGELD, for appellee; that the undertaking of a surety is always construed strictly and a defect in a replevin bond can not be supplied by averment and proof without discharging the surety, cited Matthews v. Storms, 72 Ill. 316; Arter v. Cairo & C. Co. 72 Ill. 434; Arter v. The People, 54 Ill. 228.

McALLISTER, J. The assignment of the breach of the constable's bond declared upon is not, that the constable executed the writ of replevin without having taken from the plaintiff in that writ any bond whatever; but it is that he took, accepted, approved and returned a bond that was insufficient, defective and absolutely worthless. The special plea to that breach (which was the only one assigned) set out *in hæc verba* the bond which the constable in fact did take; and averred the sufficiency of the surety, as respected his pecuniary responsibility. If the plaintiff's attorney had desired to raise the question of law, whether the bond so set out was invalid upon its face, he should have demurred to that plea, so that the question would have been properly presented to the court for decision. If, on the other hand, he claimed that the bond as set out in the plea was not the one which the constable in fact did take, he should have so averred in his replication to that plea; and that would have put that fact in issue. So also as to the sufficiency of the surety. The replication, however, does not directly or indirectly deny the fact of the constable having taken at the time in question the particular bond set out in the special plea, or make any mention of the particular averment in such plea that the surety on such bond was financially responsible. We are unable to come to any other conclusion than that the replication in effect admitted the fact of the constable having taken the particular bond set out in the special plea, as well as the pecuniary responsibility of

the surety. McCormick v. Huse, 66 Ill. 315; Simmons v. Jenkins, 76 Ill. 479. If the matters so admitted amount to a defense to the action, then the judgment below is necessarily erroneous. The question, whether the facts so admitted are sufficient to answer the breach assigned in the plaintiff's declaration, and then defeat the action, depends solely upon the further question, whether the replevin bond, as set out in the special plea is to be regarded as valid and effectual for the purpose of its execution.

We perceive that the name of the surety is not mentioned in the bond. That does not affect its validity. It is well settled that although the name of the party is not mentioned in the bond, yet if he signs and seals it he will be bound. We also perceive, at the beginning of the condition and in the mention of the name of the person who sued out the writ of replevin, it is the said Mrs. Ch. *Affeld* instead of *Steiber*. From the whole instrument there is no doubt that Mrs. Steiber was the person intended. If that be so, the objection is untenable. That the court should look at the whole instrument and thereby determine who was the person intended, is decided by Hibbard v. McKindly, 28 Ill. 254. By proper averments there could be no difficulty in recovering upon that bond. It was not therefore invalid. Again, the defendants offered the same identical bond set out in the special plea in evidence; but, on plaintiff's general objection, the court excluded it. The replevin bond being valid and the surety good, the judgment below was unwarranted and must be reversed.

Judgment reversed.