69 449,
74 498

# A. M. Young v. William Paris.

1. SALES—*Provisions to Take Possession in Case of Non-payment—Revocation.*—A provision of a contract for the sale of a sewing machine, that in default of the stipulated payment the seller is authorized to resume possession of the machine, can not be revoked any more than any other provision of the contract. Under such a contract, the purchaser is bound to surrender the machine if he does not pay according to the contract, and failing to do so, the seller has the right of possession.

2. VERDICTS—*Upon Immaterial Issues.*—An immaterial issue presented by a replication is not aided by a verdict, and judgment may be rendered for the defendant *non obstante veredicto.*

Trover.—Error to the County Court of Moultrie County; the Hon. ISAAC HUDSON, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed February 25, 1897.

*Copy of the contract in suit as it appeared in the abstract:*

THE SINGER MANUFACTURING CO. LEASE.

This certifies that I, Wm. Paris, now residing at No. .... in the town of Sullivan, State of Ills., have received of the Singer Manufacturing Company (whose corporate existence and capacity for all purposes is hereby admitted), one Singer Sewing Machine, style VS 5dr B. W. and No. 10220164, with apparatus belonging thereto, all in good order and valued at $60, which I am to use with care and keep in like good order, and for the use of which I agree to pay, as follows, viz: Cash $5........C. N.

$5 on the delivery of this agreement, the receipt whereof is hereby acknowledged and accepted as payment for the rent for the first month only, and then, at the hereafter mentioned date, the several amounts which shall be for rent only to said date respectively.

The sum of three......:on the 10th day of each month.
The sum of......dollars....on the....day of......
The sum of......dollars....on the....day of......
The sum of......dollars....on the....day of......
The sum of......dollars....on the....day until paid for.
The sum of......dollars....on the....day of......

But if default shall be made in either of said payments or if I shall sell or offer to sell, remove or attempt to remove, the said machine from the aforesaid residence, without the written consent of said, The Singer Manufacturing Company, then and in that case, I agree to return the same, and that it or its agent, may resume actual possession thereof; and I hereby authorize and empower the said Singer Manufacturing Company, or its agent, to enter the premises wherever said machine may be and take and carry the same away, hereby waiving any action for trespass or damages therefor and disclaiming any right of resistance thereto.

It is also further agreed, that I may at any time within said rental term purchase the said machine and apparatus by paying the above valuation therefor; and then and in that case only the rent therefor paid shall be deducted therefrom.

Witness my hand and seal this 10th day of Sept., 1892.

WM. PARIS,    [SEAL.]
NORIE PARIS.  [SEAL.]


JOHN R. & WALTER EDEN, attorneys for plaintiff in error.

R. M. PEADRO, attorney for defendant in error.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was trover to recover the value of a sewing machine. Defendant pleaded that he took the machine pursuant to the terms of a written agreement for the sale thereof, whereby, upon default of stipulated payments, he was authorized to resume possession of the property. The plaintiff replied that he revoked the license contained in said agreement under which the defendant took the machine.

Issue was taken on the replication, and a trial by the court without a jury resulted in a finding for the plaintiff.

Assuming the evidence was sufficient to show a " revoca-

tion of the license " by the plaintiff, the question is as to its legal effect.

The plaintiff had no more power to revoke that provision of the agreement than any other. He was bound to surrender the machine if he did not pay according to the contract, and failing to do so, the defendant had the right to possession. Legally speaking, there could be no such revocation.

The issue presented by the replication was immaterial.

Such an issue is not aided by a verdict, and had it been found for the plaintiff by a jury, the judgment should have been for defendant *non obstante veredicto*. Tidd's Practice, Sec. 721–2.

The judgment must be reversed and the cause remanded.