## Teutonia Insurance Co. v. John Beard.

1. PLEADING—*Immaterial Issues Defined.*—An immaterial issue is, when that which is materially alleged by the pleadings is not traversed, but an issue taken on such a point. as will not determine the merits of the cause.

2. IMMATERIAL ISSUES—*Not Helped by a Verdict.*—An immaterial issue is not aided by a verdict.

3. ADMISSIONS—*In Pleadings.*—In pleading, a material fact asserted by one side and.not denied by the other, is admitted.

Assumpsit, on a policy of insurance. Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the August term, 1897. Reversed, with a finding of facts.

M. MILLARD and THOMAS BATES, attorneys for appellant.

JESSE M. FREELS and CROW & DEMPSY, attorneys for appellee.

MR. JUSTICE WORTHINGTON DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee to recover upon a policy of insurance. The policy insured against all direct loss by fire, except as therein provided, a two-story and basement frame, gravel roof, iron clad building, foundations, and all permanent fixtures, occupied, etc. Said policy provided as follows :

" It is hereby agreed that said policy insures against any

loss or damage caused by lightning to the property insured, not exceeding the sum insured nor the interest of the insured in the property, and subject in all respects to the terms and conditions of the policy hereby referred to.   But losses occurring by reason of cyclones or wind storms, whether such storms be of electric origin or not, are not hereby covered or included.

"If a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease.

"This policy is made and accepted subject to the foregoing stipulations and conditions," etc.

The declaration avers that said basement in said policy mentioned was destroyed by fire, whereby the plaintiff sustained loss.

Appellant pleaded the general issue and three special pleas.

The third special plea is as follows:

"And for a further plea in this behalf, the defendant says it is provided in said policy, that if the said building or any part thereof should fall, except as the result of fire, all insurance by and under said policy should immediately cease; and defendant avers that the loss and damage complained of did not occur until after the said building had been blown down by a cyclone and wind storm, whereby it fell down and rendered the said policy void before any damage was caused by fire, and this defendant is ready to verify."

To this special plea appellee replied that the "said basement of said policy (we quote from the record) of insurance and in said declaration mentioned, did not fall, nor any part thereof, except as the result of the said fire," concluding to the country.   To this replication appellant joined issue. Appellee insists that as appellant joined issue on his replication to the third plea, and that as the basement did not fall down before the fire, although the building fell down, that he can recover for the destruction of the basement   Appellee's replication did not answer appellant's third plea.   That plea averred the loss by fire did not occur before "the building was blown down."

Appellee replied that the fire occurred before the basement fell down. His replication did not answer the plea. An immaterial issue was thus presented.

"An immaterial issue is, where that which is materially alleged by the pleadings is not traversed, but an issue taken on such a point as will not determine the merits of the case." A verdict can not help an immaterial issue. Tidd's Practice, side page 921. Such an issue being immaterial is not aided by a verdict. Young v. Paris, 69 Ill. App. 449.

It is a rule in pleading that a material fact asserted on one side and not denied by the other is admitted. Simmons v. Jenkins, 76 Ill. 479; McCormick v. Huse, 66 Ill. 319; Affeld v. People, 12 Ill. App. 502.

The averment that the building fell down before the fire, and that the policy became void from the time of falling was a material averment. It was not answered by replying that the basement did not fall before the fire. The facts in the case are that on the 27th of May, 1896, a wind storm struck East St. Louis, blowing down and completely wrecking the house of appellee. His statement in evidence is " the entire building was a mass of ruins above the first floor after the tornado struck it. It was a mass of ruins down to the basement, and did not present the appearance of a building from the first floor up."

Richard Lee, for appellee, testified, "It was all in one heap; it did not look like a building; it was a mass of ruins. The first floor is level with the street. It was a two-story building."

C. F. Rodenburg, for appellee, testified, "The building was completely demolished by the tornado down to the first floor, no damage by fire was done to the building until after it was blown down."

Shortly after the destruction caused by the tornado, the ruins caught fire from a building near by, and the *debris*, together with the basement, were consumed. The jury found for the appellee in the sum of $500, for which sum and costs judgment was rendered. Appellee had a tornado policy from another company upon the property for $1,500 which he collected.

The policy upon which this suit is brought insured the building as a whole, and not its separate parts.  The words "a two-story and basement, frame, grave¹ roof, iron clad building, foundations" are descriptive of the building insured. There was no separate and distinct insurance of a "basement frame" or of a "gravel roof" or of "foundations." They were all parts of the building.  In the language of the condition of the policy "If any part of the building fell down, except as the result of fire, all insurance on such building was to cease."  Appellee accepted the policy with this condition.  The building was blown down, and no fire occurred until after it was a mass of *debris*.

Under the pleadings and evidence there is no right of recovery.  Similar conditions have been upheld by the courts. In Huck et al. v. Globe Ins. Co. et al., 127 Mass. 306, the court say : "The manifest interest and purpose of the clause inserted in each of these policies, by which it is provided that if a building shall fall, except as the result of fire, all insurance by this company shall immediately cease and determine, is that the insurance, whether upon the building or its contents, shall continue only while the building remains standing as a building, and shall cease when the building has fallen and become a ruin."  To the same effect are Liverpool and London Globe Ins. Co. v. Ende, 65 Texas, 124; Nave v. Home Mut. Ins. Co., 37 Mo. 431.  The force of such a condition is recognized in Fireman's Fund Ins. Co. v. Congregation Rodeph Sholom, 80 Ill. 558.

Upon such a state of facts under the condition of the policy above referred to, the court should have given the instruction asked by defendant "that the plaintiff is not entitled to recover and a verdict should be rendered for defendant."

The judgment of the trial court is reversed.

STATEMENT OF FACTS TO BE INCORPORATED IN THE JUDGMENT.

Appellee's house was insured under the following description:  "A two-story and basement, frame, gravel roof, iron-clad building, foundations and all permanent fixtures,"

etc. The policy contained this provision: "If a building or any part thereof fall except as a result of fire, all insurance by this policy, on such building or its contents, shall immediately cease." It also contained this provision: "This policy is made and accepted subject to the foregoing stipulations and conditions."

The building was blown down by a cyclone. Subsequent to its being blown down the *debris* caught fire from some adjoining property on fire, and was consumed. This suit is to recover for damages by fire to the basement of the building.