SEYMOUR, MORGAN & ALLEN

*v.*

HARLEY HAINES.

*Filed at Ottawa November 20, 1882.*

1. JUDGMENT *of justice of the peace—filing transcript thereof in circuit court—of its effect—subsequent suit on justice's judgment.* The filing of a transcript of a judgment recovered before a justice of the peace, in the office of the clerk of the circuit court, does not merge the justice's judgment into that of the circuit court, so that no recovery can be had upon the justice's judgment. The filing of such transcript does not operate to extinguish the judgment recovered before the justice, but is only a means provided for its collection from the real estate of the defendant.

2.   After the filing of the transcript by the justice of the peace with the clerk of the circuit court, the justice's judgment becomes a record upon which execution may issue from the circuit court, and it may be satisfied in the same manner as a judgment of that court.   It then becomes a lien on the defendant's real estate.

3.   SAME—*payment to the clerk is not a satisfaction.*   The clerk of the circuit court not being a collecting officer at common law or by statute, the payment of a judgment to him is not a satisfaction thereof, and he will have no authority on such payment to enter a satisfaction upon the record, and if he does, it is void.

4.   SAME—*when clerk may enter satisfaction.*   Where a sheriff returns an execution satisfied, the writ becomes evidence of the satisfaction of the judgment, upon which the clerk may act and make an entry of satisfaction, and so is a receipt in full given by the plaintiff in the judgment, or by his attorney of record.   On entry of satisfaction by the clerk, either on the sheriff's return of full payment or on the filing of the receipt of the plaintiff or his attorney, the plaintiff will be required to have the satisfaction set aside by the court, on proper notice, before he can sue on the judgment.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a suit originally brought before a justice of the peace of Rock Island county, by Seymour, Morgan & Allen, against Harley Haines, and taken by appeal to the circuit court of Rock Island county, where a trial was had before the court, without a jury, resulting in a finding and judgment for the defendant, which, on appeal, was affirmed by the Appellate Court.

The plaintiffs on the trial below sought to recover on a judgment obtained by them against the defendant before a justice of the peace, and to prove their case offered in evidence the record of that judgment.   After this judgment was obtained before the justice, the plaintiffs took a transcript of the same, and filed it in the office of the circuit clerk, who recorded the same in the usual record.   To defeat a recovery, the defendant offered in evidence the recorded

transcript of this judgment, which was filed and recorded before the plaintiffs commenced their suit, and in addition thereto a memorandum of satisfaction on the margin of the transcript record, made by the circuit clerk, as follows: "Satisfied by payment, December 24, 1875. Geo. D. Gould, clerk."

The defendant then proved that the plaintiffs were non-residents, and that they had no attorney of record; that on December 24, 1875, he desired to discharge the judgment, which was a lien on his real estate, and paid to the clerk the full amount of the judgment, interest and costs, and thereupon the judgment was satisfied as above stated, and that the money was still in the hands of the clerk.

Mr. WILLIAM H. GEST, for the appellants:

The clerk of the circuit court has no authority, by law, to enter satisfaction of a judgment. Div. 4, sec. 16, chap. 25, Revised Statutes, requires the clerk to keep a judgment and execution docket, in which "a blank column shall be kept, in which may be entered a note of the satisfaction or other disposition of the judgment or decree," and provides, that "when satisfied, by execution or otherwise, or set aside, or enjoined, the clerk shall enter a minute thereof in such column, showing how disposed of, the date, and the book and page where the evidence thereof is to be found." These entries in the judgment docket are required to be made only for the purpose of an index to persons searching the records of judgments. The clerk is not required to make an order of record satisfying the judgment, but a minute showing where the order of court or other evidence of satisfaction "is to be found," giving date, book and page.

A judgment may be satisfied by an order of the court, or by execution showing payment, which is a part of the record. The sheriff's act is, in legal contemplation, the act of the court. But, however satisfied, its satisfaction in fact and

the evidence of it are one thing, and the clerk's minute is another, which must be based upon some evidence of record.

The law does not constitute the clerk of the circuit court the agent of judgment creditors, to receive payment of their judgments. *Mazyck & Bell* v. *McEwen*, 2 Bailey, 28; *Niolan* v. *Drakeford*, id. 28; *Durant* v. *Metcalfe*, 2 Metc. (Ky.) 91; *Chinn* v. *Mitchell*, id. 92; chap. 25, Rev. Stat. The clerk is not even required to receive a tender, unless by the order of court. *Hammer* v. *Kaufman*, 39 Ill. 89.

Messrs. SWEENEY, JACKSON & WALKER, for the appellee:

After the filing of the transcript in the office of the clerk of the circuit court, the judgment of the justice of the peace was merged, and the proceedings became a judgment of the circuit court, and no suit could be brought on the justice's judgment. *Wayman et al.* v. *Cochrane*, 35 Ill. 132; *King et al.* v. *Hoar*, 13 M. & W. 504; *Hogg* v. *Charton*, 25 Pa. St. 200; *McNutt* v. *Wilcox & Farne*, 3 How. (Miss.) 419; *Witherspoon* v. *Sprung*, 3 id. 60; *Whiting* v. *Beebe*, 7 Eng. 549; *Hanna et al.* v. *Guy*, 3 Bush, 91; Freeman on Judgments, 180.

Appellants can not recover, because the record, as introduced, showed the judgment to be "satisfied by payment, December 24, 1875." Until this satisfaction is vacated or set aside, no action can be maintained on the judgment. *Baxter* v. *Tucker*, 1 Dan. Ch. 353; *Pratt* v. *Jones*, 22 Vt. 341; *Royce* v. *Strong*, 11 id. 248; *Hyde* v. *Taylor*, 19 id. 599; *Dimick* v. *Brooks*, 21 id. 579; Freeman on Judgments, sec. 432.

The clerk was authorized to receive the money due, and satisfy the judgment. The plaintiffs being non-residents, having no attorney here, the defendant could not pay to the justice, or to the sheriff, as he held no execution. There is no reason apparent why he could not pay the judgment to the clerk at any time, and save the costs of an execution. The cases cited by appellants arose under very different statutes from ours.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee contends, that by filing the transcript of the judgment of the justice of the peace, rendered in 1873, in the office of the clerk of the circuit court, in 1874, it became a judgment of the circuit court, and by operation of law the original judgment of the justice of the peace was merged in the supposed judgment of the circuit court, and ceased to have any force, and therefore no action can be maintained, or judgment recovered on it. We are unable to assent to this proposition. The statute provides, that when such a transcript shall be filed in the circuit clerk's office, "the judgment shall thenceforward have all the effect of a judgment of the circuit court, and execution shall issue thereon out of that court, as in other cases." The 97th section of chapter 79, Rev. Stat. 1874, in terms declares the object of the proceeding is to be "for the purpose of obtaining execution to be levied on real estate." It is still merely the judgment rendered by the justice of the peace. The proceeding is purely statutory, and for the purpose of obtaining satisfaction of the judgment remaining on the justice's docket. A plaintiff makes his judgment a lien upon the real estate of the defendant, by filing a transcript of his judgment in the office of the circuit clerk, and by execution thereon may subject it to sale and satisfaction of his judgment. The filing of the transcript and suing out an execution from the clerk's office is but a mode of obtaining satisfaction, by rendering defendant's real estate liable to sale in the same manner as on judgments recovered in the circuit court. If the filing of the transcript operated as a merger and extinguishment of the justice's judgment, the interest on the justice's judgment from the time of its rendition till the filing of the transcript should be added, and should become a part of the principal of the judgment in the circuit court, and draw interest. No one has placed such a construction on the act, nor was such

36—104 ILL.

its purpose. The judgment remains the same, but an additional means of having execution is given by the statute. It becomes a lien on real estate. It becomes a record. Execution may be issued upon it by the clerk, and it may be satisfied in the same manner as a judgment of the circuit court.

Appellee contends that payment to the clerk was a satisfaction of this judgment. To this we can not assent. At common law the clerk is not a collecting officer, nor has he been made such by statutory enactment. The sheriff is, and a judgment may be paid to him when he holds a *fi. fa.*, and payment to the sheriff will operate as a satisfaction, and in such case he returns the writ indorsed satisfied, and the filing of the writ becomes evidence of record of the satisfaction of the judgment; or a judgment may be satisfied by payment to the plaintiff or to his attorney of record, and the clerk, on the presentation to him of the satisfaction piece, or a proper receipt in full, is authorized to enter satisfaction in the judgment docket. But we find no authority at common law to support the position that payment to the clerk operated as satisfaction of the judgment. Nor is anything found in our statute authorizing the clerk of the circuit court to receive money in satisfaction of a judgment. The clerk not being a collecting officer, the payment of the money to him did not operate to satisfy the judgment, and his entry of satisfaction on the judgment docket was unauthorized and void, and his want of power to make the entry may be shown in a collateral proceeding. Had he made the entry on a return of satisfaction by the sheriff, or on a receipt in full from the plaintiff or of his attorney of record, or under the order of either, to avoid the effect of the entry of satisfaction the plaintiff would no doubt have been required, on proper notice and motion, to have the satisfaction set aside before he could have sued on the judgment. In that case the entry of satisfaction by the clerk would have been based on evidence the law recognizes as

satisfaction by parties authorized to receive the money neces-sary to satisfaction of the judgment. But here the money was received by the clerk, and the law has not made that satisfaction, or evidence of satisfaction, and the clerk had no more right to make the entry than had he been so ordered by a stranger to the judgment. There was no evidence on the record, or in the files of the office, upon which to base the entry. Had there been that, the satisfaction should have been set aside by the court before the judgment would have been opened for any proceedings under it.

The court below, therefore, erred in treating the judgment as satisfied, and in not rendering judgment in favor of the plaintiff below, and the judgment of the Appellate Court must be reversed, and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE DICKEY, dissenting:

I concur in the views expressed in this case, except in so far as it relates to the legal effect of the act of the clerk in entering upon the record satisfaction of this judgment. Ap-pellants insist that the entry upon the record in this case of the words "satisfied by payment," etc., was not authorized under the facts of this case, and that such entry is no obstruction to his recovery, unless the clerk had lawful authority to receive the money from the defendant in satis-faction. I find no authority on this precise question. If the entry of satisfaction by the clerk upon the roll or record becomes part of the record to the same extent as does the return of a sheriff upon an execution, then it is plain that, being part of the record, the entry is conclusive until it is set aside by order of the court, made in a direct proceeding for that purpose, (Freeman on Judgments, sec. 432,) and the same can not be attacked collaterally by showing that the clerk did wrong when he made the record. The clerk himself, if this entry be (properly considered) a part of the record,

has no power to set the same aside. (*Hughes* v. *Streeter*, 24 Ill. 647.) I think that this entry should be regarded as a part of the record. I think its legal effect is to satisfy the judgment of record. So long as that satisfaction remains in force, no action can be maintained upon the judgment. If this satisfaction of record was entered improvidently, when it ought not to have been entered, it may be set aside by the circuit court on cause shown, on motion.

Counsel for appellants seem to think that this question is affected by sec. 16, chap. 25, Rev. Stat. 1874, relating to the judgment and execution docket to be kept by the clerk, in which docket it is there said: "A blank column shall be kept, in which may be entered a note of the satisfaction or other disposition of the judgment, and when satisfied, by execution or otherwise, * * * the clerk shall enter a minute thereof in such column, showing how disposed of, the date, and the book and page where the evidence thereof is to be found." This provision is merely directory to the clerk, for the convenience of parties, and entries in such book do not, properly speaking, constitute any part of the roll or record. The rights of parties in nowise depend upon the fidelity of the clerk in keeping this docket. Its language assumes that satisfaction spoken of in that section means satisfaction of record, for it requires a reference to the book and page where the record evidence may be found. This distinction between the docket and the record is sanctioned by the reasoning of Judge MARCY, in the case of *Lownds* v. *Remser*, 7 Wend. 37. The views here expressed are in harmony with the entire reasoning in that case. The clerk has the power, by law, to enter satisfaction of judgments of record in his office, and in this case he did exercise that power, and until that order be set aside by the order of the court, I think no action can be maintained upon a judgment the satisfaction of which stands entered of record.

It ought to be observed the entry of satisfaction is not made on the judgment docket, but upon the record, which is equivalent to an entry upon the rolls, under the old English practice. It is not denied that "the clerk, on presentation to him of a satisfaction piece, or a proper receipt in full," signed by the plaintiff or his attorney of record, "is authorized to enter satisfaction" of the judgment. If this be so, can such entry of record depend for its validity upon the evidence presented to the clerk to induce him to make the entry? If it should turn out that such receipt in full was a forgery, would that invalidate the entry of satisfaction, or would it in such case require the order of the court to vacate the entry?