JOHN D. CAMERON
v.
JAMES STRATTON.

1. ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY OF RECORD.—In the absence of notice that the authority of an attorney, appearing as such upon the record of the cause, is limited, the presumption that he possesses all the general powers of an attorney implied by the law from the relation he sustains to the cause in court as appearing from the record, is conclusive in favor of the party relying upon such evidence of the extent of his authority.

2. AUTHORITY OF ATTORNEY NOT OF RECORD, HIRED FOR SPECIFIC WORK.—When an attorney is only called upon to perform some specific service and does not identify himself with the record of the cause, and does only the particular work which he was retained to perform, his implied authority to bind his client would be limited to the proper conduct of the specific work intrusted to him. And a party dealing with such attorney outside of the particular service in which he is engaged, does so at the peril of being able to show express authority for the act done by him.

3. RATIFICATION.—Where an attorney, not of record, who had been hired to do some specific work in a case, had stepped outside of his authority and collected the amount of the judgment and costs and absconded, the fact that the party hiring him, being informed that he had collected such money, went to him to obtain it, could not be considered as a ratification of such attorney's act in receiving it.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed [February 29, 1884.

Cannon, by his attorneys, Foster and Raum, commenced his action in the circuit court, against the defendant Stratton; Foster and Raum were his only attorneys of record. Afterward he employed Mr. Edwards to assist them. When the

cause was reached for trial, Foster and Raum, for some reason not shown by the record, could not try the cause, and Cannon thereupon made a special agreement with one Loucks to assist Edwards in trying the cause before the court and jury for a fee of $20, which was then paid to him. Loucks' name was not entered upon the records of the court as the attorney of Cannon. As between Cannon and Loucks the relation of attorney and client ceased when the cause was tried. A judgment was rendered for the plaintiff, and Mr. Edwards was authorized by the plaintiff to attend to its collection.

About one month after the rendition of the judgment, Loucks obtained from the clerk of the court a statement showing the amount of the judgment, costs and interest, to which was attached a request of the clerk that the defendant would satisfy the costs as soon as possible and avoid any further expense.

This statement was taken by Loucks to J. A. Cameron, the attorney of the defendant, and obtained from him a written request to the defendant to pay Loucks the amount of the judgment. Stratton then paid to Loucks $253.50, the amount of judgment and costs, and took a receipt from him for the same signed by Loucks in the name of Loucks and Edwards, having, however, no authority to sign Edwards' name. Loucks absconded without paying the money to Cannon, and Cannon, repudiating the action of Loucks, sued out execution on his judgment, and the court below, upon the motion of Stratton, quashed the writ, and Cannon appealed to this court.

The only question presented is whether the payment to Loucks was a satisfaction of the judgment.

Messrs. QUINN & SHEEN, for appellant; as to agency, cited Dutcher v. Beckwith, 45 Ill. 460; Thompson v. Emmert, 15 Ill. 416; Nolan v. Jackson, 16 Ill. 274; Trumbull v. Nicholson, 27 Ill. 150; Ruckman v. Alwood, 44 Ill. 185.

Mr. JAMES A. CAMERON, for appellee.

PILLSBURY, J. The defendant, in paying the money to Loucks, takes the burden of showing that Loucks was author-

ized to receive it. This authority may be expressed or implied. No express authority being shown or claimed to exist, the question is whether from the facts and circumstances proven, the law will imply the authority to receive the money in satisfaction of the judgment.

All the cases agree that an attorney of record, retained to prosecute a suit at law for his client, has authority to receive the money recovered, and enter satisfaction of the judgment upon the records of the court, thus completing the judgment roll.

By thus retaining the attorney and allowing him to appear as such upon the records, he holds him out to the defendant as having the authority conferred upon such attorneys, and the defendant will be justified in so dealing with him until he receives actual notice that such authority has been revoked, or is limited by the terms of his contract with his client.

In the absence of notice that the authority of an attorney, appearing as such upon the record of the cause, is limited, the presumption that he possesses all the general powers of an attorney implied by the law from the relation he sustains to the cause in court, as appearing from the record, is conclusive in favor of the party relying upon such evidence of the extent of his authority.

Does the law, however, imply that a client invests his attorney with any such general power and authority when he is only employed to do some particular act in connection with the cause in court, such as assisting the attorney of record in arguing a demurrer, a pending motion, or even in trying the cause before the jury? We have not been able to find any case that goes to this extent.

Indeed, when an attorney is only called upon to perform some specific service, and does not identify himself with the record of the cause, and does only the particular work which he was retained to perform, it would seem that his implied authority to bind his client would be limited to the proper conduct of the specific work intrusted to him.

The law certainly recognizes a distinction between the

Cameron v. Stratton.

powers implied from a general retainer, to commence, prosecute and control a cause until judgment is rendered, and for special employment for a special purpose, and upon the full consideration of all the authorities that we can find, bearing upon the question, as well as the reasons upon which they are based, we think the line must be drawn between them as attorneys of record in the cause, and those not of record; that with the former the defendant may safely treat upon all matters within the scope of his apparent authority, until notice to the contrary; with the latter, outside of the particular service in which he is engaged, he deals at the peril of being able to show express authority for the act done by him.

This conclusion is believed to be fully sustained by the following cases: Succession of Bar, 8 La. An. 458; State, for use, etc., v. Hawkins, 28 Mo. 366; McCarver v. Nealey, 1 Green, Ia. 360; Seymour v. Haines, 104 Ill. 557; Weist v. Lee, 3 Yeates (Pa.), 47; Hill v. Mendenhall, 21 Wall. 454.

It is suggested that Cannon, when informed that Loucks had collected the money, went to him to obtain it, and that this was a ratification of his act in receiving the money.

We do not think this act can have the effect claimed.

Without doubt he would have taken the money from Loucks, or any one else who chose to pay it, but it can scarcely be said that calling upon Loucks to ascertain the-facts, and even asking him for the money, would make the payment to Loucks rightful, if otherwise it was wrongful.

From the best consideration we have been able to give the case, we are of the opinion that the court below should have overruled the motion to quash the execution, and as this was not done, the order of the court will be reversed and the cause remanded.

Order reversed.