## JAMES B. LEWIS
### v.
## FELIX G. COCKRELL.

*Clerks—Payment of Judgment to—Motion for Rule to Pay Over—*
*Attorney and Client—Fees—Assignment.*

1. A clerk of the Circuit Court is not authorized to receive money in satisfaction of a judgment.

2. Where there is a dispute as to the ownership of money in the hands of a clerk of the court, the remedy is by a proceeding at law or in equity, and not by rule of court directing payment to particular claimant.

3. It seems that in order to justify a rule upon the clerk to pay over money, it must first appear that it is in his hands in his official capacity as clerk.

### [Opinion filed March 1, 1889.]

IN ERROR to the Circuit Court of Marion County; the Hon. AMOS WATTS, Judge, presiding.

Mr. THOMAS E. MERRITT, for plaintiff in error.

As to the first point, it is only necessary to say that under an express ruling of the Supreme Court, money received by the clerk of a Circuit Court in the payment of judgment is not held by him as an officer of the court, and it would seem to follow as a necessary consequence that the court, in such a case, had no power to subject him to its summary jurisdiction. Seymour et al. v. Haines, 104 Ill. 557.

It was said in this case, he is not "a collecting officer at common law or by statute;" and it was held that a payment of the judgment to him did not operate as a satisfaction or authorize him to enter a satisfaction on the record. Not being authorized to receive the money officially, he held it simply as a private citizen, and the court had no more power over him in respect to it than it would have over any other private individual.

Lewis v. Cockrell.

But this proceeding is based upon the assumption that the defendant was under an official duty to pay the money over, and could be ruled to do so, the same as though he was asked to issue a subpœna or perform any other official act. A court may compel its officer to discharge his official duty, when necessary, in the progress of a cause or the enforcement of a judgment or decree, but that is as far as it can go ; there is no power in any tribunal to order him peremptorily to do an act which is not an official duty. The summary jurisdiction of a court includes only the power to exact from an officer a dis-charge of the functions of his office, and does not extend to a case where the act is outside of his official duty. In the case pending, the defendant, was not authorized to receive the money officially or hold it officially ; and not being connected with the transaction in his official capacity, the court had no power to proceed against him as an officer and render the judgment in question.

The second objection is that it does not appear the plaintiff performed his contract and was entitled to the $900. The instrument relied upon as an assignment is void upon its face; but waiving that, it is very clear there could be no interest in the judgment unless the agreement was carried out. It is not an absolute transfer of any interest whatever. The record discloses the fact that the plaintiff's claim was disputed, and it devolved upon him, when that occurred, to establish his right to the compensation stipulated for. He could not recover the money from Millard without showing a perform-ance of the contract, and he certainly can not get it from the clerk, under the circumstances of the case, unless it is made to appear that he was legally entitled to it. But we shall see later on that the fact of a dispute existing between the parties as to whether the contract had been performed was sufficient in itself to put an end to this proceeding, even if the court had jurisdiction. Ouster v. Agnew, 83 Ill. 194.

And perhaps it should be added here that there is no such thing as a lien upon the judgment for attorney's fees. For-sythe v. Beveridge, 52 Ill. 268; La Framboise v. Grow, 56 Ill. 197.

The contract undertook to assign a part of the claim or judgment, and was void because the debtor did not assent. A demand can not be split up, and a partial assignment of a judgment is void. Freeman on Judgments, Sec. 424; Love v. Fairchild, 13 Mo. 300.

There were three parties claiming the money, and the defendant was not obliged to take the risk of paying it to the wrong one. He could require them to interplead or wait until an action was brought to settle the controversy, or until it was adjusted by themselves.

There was a prior assignment to Dausch, and that carried the whole interest, giving him, or his assignee, the better right. And the rule as between two assignees of a claim of this character is, "the first in time is prior in right." Freeman on Judgments, Sec. 429, and cases cited.

The Workingmen's Banking Co. was claiming the money under the Dausch assignment; Millard was asserting the plaintiff had no right to it, and the latter was contending that his contract operated as an absolute transfer of $900 of the judgment. This was the position of affairs, and it is not a matter of surprise that a circuit clerk should hesitate in such a case.

If the money had been in the sheriff's hands, with three different claimants, and proceedings had been taken under the statute against him, it is certain nothing could be done but enter an order of dismissal.

Messrs. W. & D. L. STOKER, for defendant in error.

The assignee will be protected against any acts of the parties to the judgment after notice of the assignment. In this case, notice of the assignment was filed and given to all parties on August 16, 1887, by assignee, Cockrell, and therefore Millard had no right to interfere, even in equity, except by bill and injunction on the ground of fraud or failure of consideration. Hughes v. Trahern, Adams et al., 64 Ill. 48. And it became the duty of the court of law to protect assignee Cockrell's interest against Millard, plaintiff, in judgment against Richland county, and judgment debtor, and the

plaintiff in this court against any wrongful act, as clerk of the court, when by his own admissions he says he did the act as circuit clerk. Donk et al. v. Alexander et al., 117 Ill. 338; Chapman v. Shattuck, 3 Gilm. 49; Carr v. Waugh, 28 Ill. 418; Morris v. Cheney, 51 Ill. 451; Hodson v. McConnell, 12 Ill. 170. While the law here does not give an attorney a lien upon the judgment of his client for his fees, yet it nowhere prohibits the parties, by contract, from creating a specific lien on the judgment to be recovered, and this assignment, by M. Millard to F. G. Cockrell, then and there created such specific lien from August 16, 1887—such lien as courts of law were legally bound to respect and protect, and as regards the holding out and signing receipt as clerk as an estoppel of plaintiff in error in his defense of not being legally authorized as clerk to receive and hold the money. Young v. Fonte, 43 Ill. 39; Ray v. Bell, 24 Ill. 444. Plaintiff in error can not take advantage of his own wrong and set up his wrongful or illegal act as a defense to screen himself. This must be done by third parties. Lockhart v. Wolf, 82 Ill. 37; Himrod v. Baugh, 85 Ill. 435; Hughes v. Sprague, 4 Ill. App. 301; Burritt v. Tidmarsh, 1 Ill. App. 571, and Sheldon v. Hinton, 6 Ill. App. 216; Hodson v. McConnell, 12 Ill. 170. Assignment of part of judgment sustained. Hussock v. Underwood, 55 Ill. 123.

REEVES, J. On the 16th day of August, 1887, M. Millard recovered a judgment in the Marion Circuit Court against the county of Richland for $5,000. The amount of this judgment was paid by Richland County to James B. Lewis, clerk of the Circuit Court of Marion County, on the 15th day of September, 1887. The judgment was recovered for legal services claimed to have been rendered by Millard for Richland county.

On the 18th day of December, 1880, Millard assigned to George W. Dausch all his claim and demand against the county of Richland for legal services, giving Dausch the right to sue for, demand, settle or compromise such claim in any way he might think proper. This assignment was filed in the clerk's

office of the Marion Circuit Court on the 23d day of August, 1887.

On the 22d day of August, 1887, said Dausch assigned and transferred to The Workingmen's Banking Company of East St. Louis any and all claims which he had against Millard, including the assignment by Millard to him of his claim or judgment against Richland county.

This assignment was also filed in the office of the clerk of the Circuit Court of Marion County on the 23d day of August, 1887.

On the 30th day of October, 1886, Millard and defendant in error, F. G. Cockrell, entered into an agreement which recited the pendency of the suit of Millard against Richland county for attorney's fees in the Richland County Circuit Court, and the desire of Millard to have the venue of the cause changed to a convenient county in another circuit, and to effectuate such change of venue, Millard engaged Cockrell and agreed to pay him, in case he succeeded, for this service and for such further service as he (Cockrell) might render in and about the prosecution and trial or compromise of said suit, the sum of $1,000. It was further provided by said agreement that to the extent of the agreement it should be an assignment of the subject-matter of the suit, for the purpose of securing said sum of $1,000 out of the amount derived from any judgment in, or compromise of said suit. The sum of $100 was paid by Millard to Cockrell on the day the agreement was made. This agreement was filed in the office of the clerk of the Marion Circuit Court on the 16th day of August, 1887.

On the 5th day of September, 1887, Millard notified Lewis, clerk, by letter, that all claim by Cockrell to the judgment rendered on the 16th day of August, 1887, in his (Millard's) favor and against Richland county was groundless, and if the judgment should be paid to the said clerk, he should not pay Cockrell anything out of the money so paid to him, but should hold the money until he (Millard) and The Workingmen's Banking Company should demand the same.

September 24, 1887, Lewis paid The Workingmen's Bank-

ing Company $4,100 of the $5,000 paid to him on said judgment. October 4, 1887, The Workingmen's Banking Company assigned, transferred and set over to said George W. Dausch, all its right, title and interest in and to the $900 still held by Lewis, clerk, of the money paid him on said judgment.

October 10, 1887, Millard and Dausch joined in an order directed to Lewis, clerk, to pay the $900 to Thos. E. Merritt, which Lewis did on the 24th day of October, 1887; January 31, 1888, Cockrell caused to be served on Lewis, clerk, a notice to the effect that on the first day of the February term, 1888, of the Marion Circuit Court, he would apply to said court for a rule against Lewis, as clerk of the said court, to pay over to him (Cockrell) the sum of $900 paid to Lewis as clerk as aforesaid, on the judgment of Millard against Richland county, claiming the money by virtue of the agreement above referred to, which was filed with said clerk August 6, 1887.

At the said February term of the Marion Circuit Court a motion in pursuance of said notice was made by Cockrell, and upon the hearing of the motion the court entered an order that Lewis, as clerk, pay over to Cockrell the said sum of $900, together with the costs of the rule. From this order, Lewis, plaintiff in error, prosecutes this writ of error.

It would seem quite clear that under the law as applied to the foregoing facts, plaintiff in error did not hold the money paid to him by the county of Richland, on the Millard judgment, in his official capacity as clerk. In Seymour v. Haines, 104 Ill. 557, the court say: "We find no authority at common law to support the position that payment to the clerk operated as satisfaction of the judgment."

Nor is anything found in our statute authorizing the clerk of the Circuit Court to receive money in satisfaction of a judgment. The clerk not being a collecting officer, the payment of the money to him did not operate to satisfy the judgment, and his entry of satisfaction on the judgment docket was unauthorized and void, and his want of power to make the entry may be shown in a collateral proceeding. It

would seem equally clear, that in order to authorize the court to enter a rule against the clerk upon a motion to pay over money in his hands, it should appear that the money so ordered to be paid over was in his hands in his official capacity as clerk. But waiving this question, it sufficiently appears that there was a dispute between Millard, Dausch and Cockrell, as to Cockrell's right to the money. This being true, we do not see how a summary proceeding by motion of this character can be sustained. It must be conceded that Millard and Dausch should have an opportunity in an appropriate proceeding to contest Cockrell's right to the money. It is difficult to conceive how they could exercise such right in the summary proceeding adopted in this case. Even if we concede that the clerk held this money in his official capacity as clerk, there being a contest between Millard, Dausch and Cockrell as to which one was entitled to it, the payment to one would be no protection to the clerk, unless it should be decided in a proper proceeding that he had paid the money to the one entitled to it. It would not be just to subject the clerk by an order of the kind entered in this case to the burden of a lawsuit at his own expense, in relation to a matter, in which, as clerk, or personally, he had no personal interest. This view seems to be clearly sustained by the case of Custer v. Agnew, 83 Ill. 194. It is not necessary to reverse the order of the Circuit Court to decide in this case that plaintiff in error is not liable to pay the money in controversy to defendant in error. It is sufficient that the question is a fair subject of dispute. In such case the remedy, if any, so far as defendant in error is concerned, is not by motion for a rule against the clerk to pay over the money to defendant in error, but by an action at law where the facts may be found by a jury or by a proceeding in equity, to which all persons claiming an interest in the money should be made parties.

The order of the Circuit Court is reversed and as, under the facts disclosed by this record, the motion should have been denied by the Circuit Court, and the proceeding dismissed, the cause is not remanded.

*Order reversed.*