The People v. Barnwell.

THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.,

v.

EDWARD M. BARNWELL ET AL.

*Principal and Surety—Bond—Action of Debt—Clerk of Circuit Court— Sec. 4, Chap. 25, Starr & C. Ill. Stats.—Sec. 57, Chap. 53, R. S.—Sec. 1, Act of 1881—Pleading.*

1. The omission of the word "Court" after the word "Circuit" in a condition in the bond of a clerk of such court, does not affect the validity thereof nor render it other than a statutory bond.

2. A condition of a bond providing that if a person named "shall faithfully perform the duties of his office and pay over all moneys entitled thereto, and deliver up all moneys, etc., appertaining to his office when lawfully required," is an obligation to pay over all moneys that may come to his hands by virtue of his office, to the parties entitled thereto.

3. In view of Sec. 57, Chap. 53, R. S., a clerk may collect fees earned by his predecessor in office, and it is his duty to so collect.

4.  In view of Sec. 1, Act of 1881, if fees come to the hands of a clerk by virtue of his office, earned by previous officers, it is his duty to pay such fees to the county treasurer.

[Opinion filed January 15, 1892.]

IN ERROR to the Circuit Court of Union County; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

A declaration was filed in the Circuit Court of Union County against the defendants in error on the bond of Edward M. Barnwell, as clerk of the Circuit Court of that county, which bond is as follows:

"Know all men by these presents, that we, Edward M. Barnwell as principal, and John Holshouser, Frank Neibauer, Joseph C. Lintz and Luther Bruce as securities, all of the county of Union and State of Illinois, are held and firmly bound unto the people of the State of Illinois, in the penal sum of $5,000, current money of the United States, for the payment of which, well and truly to be made, we do bind ourselves and each of us, our heirs, executors and administrators and each of them, jointly, severally and firmly by these presents."

"* * * Whereas, said Edward M. Barnwell has been duly elected clerk of the Circuit in and for the county of Union in the State of Illinois. Now, therefore, if the said Edward M. Barnwell shall faithfully perform the duties of his office, and pay over all moneys entitled thereto, and deliver up all moneys, papers, books, records and other things appertaining to his office, whole, safe and undefaced, when lawfully required so to do, then this obligation to be void, otherwise to remain in full force and virtue;" and breaches were assigned as follows:

"And for assigning a breach of the said condition of said writing obligatory, the plaintiff says that after the making of the said writing obligatory, and while the said Edward M. Barnwell was so acting as clerk of the Circuit Court aforesaid, there came into his hands as such clerk, $2,000 in money, as fees of his said office, which said sum remained in his hands as

clerk aforesaid, after deducting his salary, clerk hire and the expense of his said office, and belonged to said county of Union; and the plaintiff avers that the said Edward M. Barnwell has neglected and refused to pay over said sum of money, so remaining in his hands as aforesaid, to the county treasurer, as he was by law bound to do, but has converted the same to his own use, said balance amounting to a large sum, to wit: the sum of $2,000. By means whereof," etc. * * * Second breach: "And for assigning a further breach of the condition of the said writing obligatory, the plaintiff says that the said Edward M. Barnwell, as clerk of the Circuit Court aforesaid, collected a large sum of money, to wit, the sum of $2,000 in money, of the fees earned by A. Polk Jones and Henry P. Cozby, former clerk of said Circuit Court, and A. J. Nimmo, George Barringer, Henry Rendleman and O. P. Baggott, former sheriffs of said county of Union, which said fees, when so collected by said Edward M. Barnwell, belonged to said county of Union, * * * and that said Barnwell has neglected and refused to pay to the county treasurer," etc.

To this declaration a general and special demurrer was filed by the defendants in error. The special causes of demurrer were: 1. Variance between bond and description thereof in declaration. 2. That Barnwell had not been lawfully required to pay over, etc. 3. Declaration does not allege that former clerks and sheriffs had been paid their salaries. The demurrer was sustained by the court, to which the plaintiffs then and there excepted, and sued out this writ of error, and assign as error the sustaining the demurrer to the declaration and each count thereof.

Messrs. D. W. Karraker and James Lingle, for plaintiffs in error.

The court holds, in the case of John A. Young v. Samuel Mason, 3 Gilm. 55, that "an omission in a statutory bond does not render the bond void, but may be the foundation of an action to the extent of the obligors." The court further holds, in the case of Ballingall v. Carpenter et al., 4 Scam. 307, that "the obligors in a bond can not object to the validity of

the bond because its conditions are not literally in accordance with the statute. Such a bond is a voluntary one, and the obligors can not take advantage of their own neglect to use the words of the statute, and that is just what the obligors are seeking to do in this case. Grocers Bank v. Kingman, Gray, 473 (1860), Mass.; Van Dusen v. Hayward, 17 Wend. 67; McGowen v. Deyo, 8 Barb. 340.

The language of the bond, " pay over all money entitled thereto," can mean nothing more or less than that the clerk shall pay over all moneys to those entitled to receive the same. The bond further provides that the clerk shall " deliver up all moneys, papers, books, records and other things appertaining to his office, etc.,     *     *     *     when lawfully required so to do."

In the case of Magner v. Knowles, 67 Ill. 325, the court in passing upon a similar question to the one here raised, holds that a constable's bond is good, notwithstanding in the condition the word execution was used for *executions*, and the following statutory provisions were omitted: " and all such damages as each and every person may sustain by reason of any malfeasance, misfeasance or non-performance of duty on the part of said constable."

Bonds intended for statutory bonds, but which vary in some respects, are held binding at common law. Brighton Bank v. Smith, 5 Allen, 413 (1862); Conant v. Newton, 126 Mass. 105, 109 (1879); Schill v. Reisdorf, 88 Ill. 411.

A bond is not void for uncertainty if it can be made certain by extrinsic evidence. Troy City Bank v. Bowman, 43 Barb. 639; S. C., 19 Abb. Pr. 18.

Messrs. LANSDEN & LEEK, for defendants in error.

In Trustees of Schools v. Otis, 85 Ill. 179, it is said: " Whether a court of chancery will assume jurisdiction to reform an official or other bond against sureties, is a question upon which the authorities are not harmonious. The point has never been directly decided by this court, but on first impression we are inclined to adopt the doctrine of those cases that declare the extent of the obligation of a surety is to be

determined by the agreement he actually signs, and that it can not be varied, changed or enlarged by any decree of court, as founded on the better reasoning and more fully sustained by authority. One reason that lies at the foundation of this series of cases is, that no equities arise in favor of a party seeking a reformation of a bond not binding at law, against a mere surety, who has received no consideration for the agreement it is alleged he intended to make, but did not. The surety may stand upon the terms of the bond he has executed, and if that does not bind him, upon what equitable principle can it be said the agreement shall be reformed so that he shall be made to bear the burden that would otherwise fall on the party seeking relief? Under our statute of frauds, no man can be charged upon a promise to answer for the debt, default or miscarriage of another person, unless such promise or agreement shall be in writing. On principle, it would seem to admit of no doubt if a party has made no such promise or agreement in writing for himself, no court can make any for him, whatever his intentions may have been. It is not his agreement unless he assents to it after it is reformed. As sustaining in a measure the views expressed, we cite Phelps v. Garrow, 3 Paige, 322; Ontario Bank v. Mumford, 2 Barb. Ch. 596; Miller v. Stuart, 9 Wheat. 681; State v. Medary, 17 Ohio, 567; Ludlow v. Simmons, 2 Caines' Cases 1."

In the case of Tully v. Davis, 30 Ill. 103, the word "known" had been omitted in an acknowledgment to a deed, a blank space being left wherein the word "known" should have been written, and the court say: "The objection to the certificate is that the word *known* is omitted after the word 'personally,' and in its place a blank is left; that is to say that the officer does not certify that he personally knew the person who made the acknowledgment was the grantor named in the deed. We must undoubtedly be able to learn this fact from the certificate, or it is defective. It is certainly true that the officer has not stated this fact in this certificate. It is the statement of this knowledge which he has omitted. Whether he omitted this because he had no such knowledge or because of carelessness, we can not know. Even if it were impossible to fill this

blank with any other word or set of words, and make sense, except the word *known*, we should not be authorized so to fill the blank, for then we should do what the law has required the certifying officer to do." Blain v. Revard, 19 Ill. App. 477.

In Hartshorn v. Dawson, 79 Ill. 108, there was a blank in the certificate of acknowledgment, but the certificate was held complete and amply sufficient without filling the blank.

In Arter v. The People, 54 Ill. 228, it was said in regard to the omission of the name of the defendant, in the replevin bond sued on, and the filling in of the name in the blank, that " If such an alteration would avoid it we are at a loss to perceive how the blank can be supplied by averment and proof. To do so would, in effect, produce the same change. It would operate to change the whole purport of the instrument and to impose burdens and liabilities on the sureties which they never assumed. It would be to render them liable for the return of the property to Trover when they entered into no such obligation. The undertaking of a surety is always construed strictly. It is never enlarged beyond his undertaking, and to permit the blank to be filled in this bond by the insertion of Trover's name or to be supplied by averment and proof would be to enlarge the undertaking of the sureties on this bond." Matthews v. Storms, 72 Ill. 316. In the case of Arter v. Cairo Democrat Co., 72 Ill. 434, the court refused, in a direct proceeding for that purpose, to correct the replevin bond sued upon in Arter v. The People, *supra.*

PHILLIPS, P. J. The omission of the word "Court" after the word "Circuit" in the condition of the bond, does not affect the validity of the bond, nor render it other than a statutory bond. The words, "elected clerk of the circuit in and for the county of Union," can only mean elected clerk of the Circuit Court in and for the county of Union. The omission of the words, "that may come to his hands by virtue of his office to the parties," is the only other omission that causes the bond not to be in strict compliance with the provisions of Sec. 4, Chap. 25, Starr & C. Ill. Stats. The condition of the bond, however, which provides that, "if the said Edward M. Barn-

well shall faithfully perform the duties of his office, and pay over all moneys entitled thereto and deliver up all moneys, etc., appertaining to his office, when lawfully required," is an obligation to pay over all moneys that may come to his hands by virtue of his office to the parties entitled thereto, and the bond and condition is in substantial compliance with the statute. The condition of the bond is set out *in haec verba* and properly declared on as a statutory bond. Magner et al. v. Knowles, 67 Ill. 325; Schill v. Reisdorf, 88 Ill. 411; Hibbard et al. v. McKindley et al., 28 Ill. 240; Affeld et al. v. The People, etc., 12 Ill. App. 502. To the first breach no objection is shown, and counsel for defendants, in effect, admit it to be good. The objection most strongly urged is, that the second breach, which charges the clerk with the collection of $2,000 in money, of fees earned by former clerks and sheriffs of Union County, can not be sustained, for the reason the clerk is not a collecting officer, and it is insisted that the sureties are not liable for fees thus collected; as a matter of pleading the second breach alleges the collection of money belonging to the county, which, it is alleged, was collected by the defendant Barnwell as clerk of the Circuit Court. Sec. 57 of Chap. 53, R. S., provides:

" If there shall be any balance of salary due and unpaid to any such officer at the time of making the last return at the close of his term of office, and there be not a sufficient amount of fees collected by such officer remaining in the county treasury to pay such balance, it shall be paid to him out of the fees earned by him during his term of office when afterward collected by his successor."

This section recognizes the right of the clerk to collect fees earned by his predecessor in office. The recognition of the right of collection of fees earned by a former clerk, by his successor in office, is the imposition of a duty to collect, and at the time of the execution of the bond that imposed duty existed by the statute. The fees of the office under the constitution of this State are a fund primarily liable for the payment of the salary and expense of the office, and all fees earned, and not required to be so used, belong to the county. The

condition of the bond includes the faithful performance of the duties of the office, and to discharge that duty there must be a compliance with the duties imposed by the statute on the officer; of the duties so imposed is the collection of fees earned by former clerks, and of the conditions of the bond, is the obligation to pay over all moneys coming to his hands, to the parties entitled thereto. After the execution of this bond and during Barnwell's incumbency of the office, the act of May 28, 1881, was enacted. That act created no further liability than already existed. It imposed a further duty under the liability already existing. By Sec. 1 of the Act of May 28, 1881, it is declared: "That the clerk of any court of record or sheriff of any county in this State shall, at the expiration of his term of office, pay to the treasurer of the county in which his court is held, all costs and fees collected and remaining in his hands, together with a statement of names of persons and amount due each. Provided, however, that nothing in this section shall apply to any costs or fees of such clerk or sheriff and belonging to him." If fees come to the hands of the clerk by virtue of his office, earned by previous officers, it is the duty of such officer to pay such fees to the county treasurer. The second breach is "That the said Edward M. Barnwell, as clerk of the Circuit Court aforesaid, collected a large sum of money to wit, etc., * * * which said fees when so collected belonged to said county of Union," etc. If the clerk, as clerk, collected fees belonging to the county, it was his duty to pay them over, and that is the allegation of the second breach. That breach states a cause of action. It was error to sustain the demurrer. The judgment is reversed and the cause remanded.

*Reversed and remanded.*