## John Weisenborn et al. v. The People of the State of Illinois, for the use of the Treasurer of Monroe County.

1. COSTS AND FEES—*Duty of Clerk to Pay Over.*—The act of the legislature entitled " An act in relation to costs and fees remaining in the hands of clerks of courts of record and sheriffs, at the expiration of their terms of office (Laws of 1881 p. 95), means that if the clerk at the expiration of his term of office, holds costs and fees collected by him, whether clerk's, sheriff's or witnesses' fees, or any other costs or fees whatever, he must pay all of these to the county treasurer, retaining, however, whatever belongs to him, and give to the treasurer a statement of the names of the persons entitled thereto and of the amount due to each of them.

2. COSTS AND FEES—*Treasurer's Duty Under the Act of 1881.*—Under the act of 1881 the treasurer must receive these costs and fees, and keep a record of the time and receipt thereof, the amounts paid, and the names of the persons to whom the same are due, and pay the same to those legally entitled thereto.

3. COSTS AND FEES—*Unclaimed, When Forfeited to the County.*— Under the act of 1881, if the person entitled to such fees does not claim them within five years, the same shall be returned to the party paying them, if claimed by him within the next five years, at the end of which time such costs and fees as are not claimed are forfeited to the county.*

4. COSTS AND FEES—*Liability of Sureties on the Clerk's Bonds.*—The sureties on the clerk's bond are liable for his neglect or refusal to obey the mandate of the law of 1881, requiring him at the expiration of his term of office, to pay to the treasurer of the county all costs and fees remaining in his hands, with a statement of persons and amount due to each.

---

* This act was amended in 1893, making the time three years.—Laws 1893, 103.

5.  COSTS AND FEES—*Clerk's Duty to Collect Under the Act of 1881.*—
Without saying that this enactment imposes upon the clerk the duty of
collecting costs and fees, it nevertheless authorizes him to receive
payment thereof.

6.  SHERIFFS—*Authority to Collect Fees.*—Where no fee bill has been
issued, the sheriff has no authority to collect any fees but his own.

7.  COSTS—*Right of a Litigant to Pay Without a Fee Bill.*—It is cer-
tainly for the convenience of the people, that the law should give to a de-
feated litigant the right to pay the costs adjudged against him to the clerk,
without waiting for the issuance of a fee bill, or making direct payment
to every one of a multitude of officials and witnesses.

8.  SURETIES—*Liability upon Official Bonds.*—The surety upon the
official bond of any officer, conditioned for the faithful performance of
the duties of an office, are liable for the performance of all duties
imposed upon him which come within the scope of his office, whether
required by laws enacted before or after the execution of the bond.

9.  LIMITATIONS—*Application of the Two Years' Act.*—Section 14, Ch.
83, R. S., entitled " Limitation " providing that an action for a statutory
penalty shall be brought within two years, does not apply to an action on
the official bond of a circuit clerk for failing to pay over fees in his
hands to the county treasurer under the act of 1881.

10.  PARTIES—*Suits on Official Bonds Under the Act of 1881.*—Under
the act of 1881, requiring that the clerk of any court of record or sheriff
of any county in this State, at the expiration of his term of office, pay
to the treasurer of the county all costs and fees collected and remaining
in his hands, with a statement of names of persons and amount due to
each, suits upon their official bonds for a failure to comply with a statute
should be prosecuted for the use of the county treasurer.

Memorandum.—Debt on an official bond.  In the Circuit Court of
Monroe County; the Hon. GEORGE W. WALL, Judge, presiding.  Decla-
ration, pleas, *non est factum*, two years statute of limitation and ten
years statute of limitation; trial by the court; finding and judgment
for plaintiff; defendants appeal.  Heard in this court at the August
term, 1893, and affirmed.  Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the
court.

RICKERT & GAUEN and TURNER & HOLDER, attorneys for
appellants.

WINKELMAN & WILSON, attorneys for appellees.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE
COURT.

This was an action of debt on the bond of John Weisen-

born, as clerk of the Circuit Court of Monroe County. The suit was brought for the use of the county, but was afterward, by amendment of the papers, maintained for the use of the treasurer of the county. The bond was executed and delivered in November, 1880, for the term of four years beginning on the first Monday of December of the same year. The condition of the bond was that the said Weisenborn should faithfully perform all the duties required or to be required of him by law, and pay over all moneys that might come to his hands by virtue of his office, to the parties entitled thereto. The breach assigned is that Weisenborn received over $500 in fees earned by the sheriff during Weisenborn's term of office, and at the expiration of said term of office did not pay over to the county treasurer the said sum of money as the law required him to do. Appellants filed a demurrer to the declaration, but the court declined to decide the demurrer without hearing the evidence, and thereupon the appellants filed three pleas—*non est factum*, the two years statute of limitations, and the ten years statute of limitations, with an agreement that any defense might be proved with the same effect as if properly pleaded. The court tried the case without a jury, overruled the demurrer, found the issues for the appellee, overruled motions for new trial and in arrest, and rendered judgment for appellee for the penalty of the bond and for $500 damages and for costs, the judgment to be satisfied on the payment of the damages and costs. It is assumed in the argument that the court held appellants liable on the ground that the law made it the clerk's duty to collect the sheriff's fees. There is nothing in the record to show what views of the law were entertained by the court except as the same may be inferred from the fact that judgment was rendered in favor of appellee. Whether or not it was the clerk's duty to collect the sheriff's fees, the record shows that he did collect them and that he did hold them when his term of office expired.

The record also shows that he has never paid these fees to the county treasurer. Appellee contends that the neglect or refusal to pay to the treasurer, under such circum-

stances, was a breach of the bond. The lower court so held, and with this holding we are satisfied. It may be admitted that the liability of sureties is *strictissimi juris:* The People v. Toomey et al., 122 Ill. 308; The People v. Foster et al., 133 Ill. 496; also, that, generally speaking, the clerk is not a collecting officer at common law or by statute, and that payment to the clerk is not a satisfaction of a judgment: Seymour et al. v. Haines, 104 Ill. 557; Lewis v. Cockrell, 31 Ill. App. 476; also that the clerk may issue a fee bill, or that any person entitled to fees may enforce payment by suit: Morton v. Bailey et al., 1 Scam. 213; also, that officers may demand payment of their fees as the same are earned: The People v. Harlow, 29 Ill. 43; also, that the Supreme Court of Indiana, under laws differing from ours, have held that a clerk's sureties are not liable for sheriff's fees collected by the clerk. Having admitted all these propositions, the question at issue in this case remains unaffected. Are the sureties on the clerk's bond liable, under the act of 1881, for sheriff's fees in fact, collected by the clerk and not paid over to the county treasurer at the expiration of the clerk's term of office? The first section of this act of the legislature (Laws of 1881, p. 95) is as follows: "That the clerk of any court of record or sheriff of any county in this State shall, at the expiration of his term of office, pay to the treasurer of the county in which his court is held all costs and fees collected and remaining in his hands, together with a statement of names of persons and amount due to each, provided, however, that nothing in this section shall apply to any costs and fees of such clerk or sheriff, and belonging to him."

What is the proper construction of this language? Does it mean that the clerk is to pay all clerks' costs and fees to the treasurer? that the sheriff is to pay all sheriff's costs and fees to the treasurer? But what if the clerk has collected sheriff's or witnesses' fees—he need not pay these to the treasurer? If this is the meaning of the law, then no action on the clerk's bond can be maintained for neglect or refusal to pay over such fees. The language of the statute is very compre-

hensive. The requirement covers all costs and fees collected and remaining in the clerk's or sheriff's hands. To limit the meaning it is necessary to insert the word " clerk's " or " sheriff's " before the word " costs, " or to add after the word " collected" some such clause as " by virtue of some law directing or authorizing such officer to collect such moneys. That this narrow construction of the law is not permissible is shown by the requirement that the clerk or sheriff shall give the treasurer a " statement of names of persons and amount due to each." This language is absurd if the clerk pays over clerks' fees only, and the sheriff, sheriff's fees only. The clerk making his payment is authorized to retain whatever belongs to him. In such case the balance of the clerks' fees which he pays over belongs to the county, and if he is not required to pay over any other fees, on what does the fourth section of the act become operative, when it allows the person entitled to such fees five years within which to claim them ? The statute means this : If the clerk, at the expiration of his term of office, holds costs and fees collected by him, whether clerks', sheriff's, or witnesses' fees, or any other costs or fees whatever, he must pay all of these to the county treasurer, retaining, however, whatever belongs to him, and give to the treasurer a statement of the names of the persons entitled thereto and of the amount due to each of them. The treasurer must receive these costs and .fees, and keep a record of the time of the receipt thereof, the amounts paid, and the names of the persons to whom the same are due, and pay the same to those legally entitled thereto. If the person entitled to such fees does not claim them within five years, the same shall be returned to the party paying them,  ·  if claimed by him within the next five years, at the end of which time such costs and fees as are not claimed are forfeited to the county.

The clause relating to repayment to the party paying. such costs and fees, has no application, as a matter of course, to clerks' or sheriff's fees which belong either to the officer or to the county. Under this construction of the statute, the sureties on the clerk's bond would be liable for his neglect or refusal to obey this plain mandate of the law.

Without saying that this enactment imposes upon the clerk the duty of collecting costs and fees, we do say that it authorizes him to receive payment thereof. Where no fee bill has been issued, the sheriff has no authority to collect any fees but his own. It is certainly for the convenience of the people, that the law should give to a defeated litigant the right to pay the costs adjudged against him to the clerk, without waiting for the issuance of a fee bill, or making direct payment to every one of a multitude of officials and witnesses. This question has been virtually decided by this court. In The People v. Barnwell et al., 41 Ill. App. 617, which was an action on the bond of the circuit clerk of Union county, the second breach assigned was, that Barnwell, as circuit clerk, had collected fees earned by former circuit clerks and by four different sheriffs of Union county, and had neglected and refused to pay the same to the county treasurer. This court, in an opinion delivered by presiding Justice Phillips, held that this breach stated a cause of action. It is true that the declaration averred that the fees collected belonged to the county, but this averment could mean no more than that the county had settled with the officers who had earned the fees.

The real ground of the decision was that the clerk had the right to collect these fees; that it was his duty to pay the same to the treasurer when his term of office expired; and that a failure to do so was a breach of his bond. If it should be urged that the law of 1881 did not take effect till after the execution and delivery of the bond, it may be answered that the sureties upon the official bond of any officer, conditioned for the faithful performance of the duties of an office, are liable for the performance of all duties imposed upon him, which come within the scope of his office, whether required by laws enacted before or after the execution of the bond. The Governor v. Ridgway et al., 12 Ill. 14; Compher et al. v. The People, Id. 290; Smith v. Peoria County, 59 Ill. 412. In the People v. Barnwell et al., *supra*, it was said that the law of 1881 created no new liability, but simply imposed a further duty under the liability

already existing. Besides, the condition of the bond in the case at bar binds Weisenborn to the faithful performance of all duties required, or to be required of him by law. The two years statute of limitations does not apply to this case, which is an action on the bond and not a suit for the penalty imposed by the act of 1881. Section 5 of that act expressly declares that nothing contained therein shall be construed to release the clerk or sheriff or their sureties from any civil action on his official bond. The claim that this proviso saves such causes of action only as had accrued when the act took effect, is not sustained either by the spirit or by the language of the law.

The ten years statute of limitations does not apply, for the reason that the breach of the bond occurred when the clerk neglected and refused to pay the moneys to the treasurer at the expiration of the clerk's term of office, which was in December, 1884. This suit was commenced on March 23, 1893, within ten years after the cause of action had accrued. Appellants insist, finally, that the court erred in not allowing them a credit of the clerk's fees in certain cases in which executions had been issued and not returned. We fail to see the force of this claim. If sheriffs Wilson and Burroughs hold fees belonging to Weisenborn, appellee is not responsible for it, nor can such items be allowed as a set-off in this suit. Nor can we see by what rule of law the sum of $13.72 due Wilson from the county on final settlement can be claimed as a set-off in this action in favor of appellants. This claim involves the following absurdity: Weisenborn owes the people for the use of the treasurer; the county owes Wilson, former sheriff, and Wilson owes Weisenborn, former circuit clerk; therefore in a suit by the people for the use of the treasurer against Wiesenborn and his sureties on his official bond, the defendants have a right to set off the indebtedness of the county to Wilson against any amount owing by them to the plaintiff. This is clearly a *non sequitur*. Under the act of 1881, we think the papers in the case were properly amended so that the suit should be prosecuted for the use of the county treasurer.

The judgment is affirmed.