## John Weisenborn et al. v. The People of the State of Illinois, use of, etc.

1. SURETIES—*Liability on Official Bonds.*—The sureties upon the official bond of an officer conditioned for the faithful performance of the duties of an office, are liable for the performance of all duties imposed upon him, and which come within the scope of his office.

**Debt** on an official bond. Appeal from a judgment on demurrer rendered by the Circuit Court of Monroe County; the Hon. GEORGE W. WALL, Judge, presiding. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

TURNER & HOLDER and RICKERT & GAUEN, attorneys for appellants.

WILLIAM WINKELMAN, attorney for appellees.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

This was an action of debt on the official bond of John Weisenborn, as clerk of the Circuit Court of Monroe County, for the term beginning in December, 1884, and ending in December, 1888. The amended declaration duly avers Weisenborn's election as circuit clerk, and the execution and acknowledgment of the bond by Weisenborn and the other appellants; also the approval of the bond by the circuit judge, as required by law, and the filing thereof in the office of the secretary of state. It is also averred that Weisenborn filed with the secretary of state, the oath of office required by law and was thereupon duly commissioned by the governor as circuit clerk, and assumed the duties of such office during the term aforesaid. It is further alleged that said bond obligated said Weisenborn to faithfully perform all duties required, or to be required, of him by law, and to pay over all moneys which might come to his hands by virtue of his said office, to the parties entitled thereto, and to deliver up all moneys, papers, books, records and other things appertaining to his office, whole, safe and undefaced, when lawfully required so to do. It is further alleged that said Weisenborn did not faithfully discharge all the duties required of him by law, but that, on the contrary, he neglected and refused so to do, to the injury of Monroe county. The breach assigned is, that on divers days during said Weisenborn's term of office, fees earned by the sheriff in serving process of the Circuit Court of Monroe County, were paid to said Weisenborn, and that at the expiration of his term of office, said fees so collected remained in Weisenborn's hands, and that the same have never been paid to the treasurer of Monroe county, or to the plaintiff for the use of said treasurer.

The declaration further shows that a full settlement was made with the said sheriff on the first Monday of December, 1886, at which time the sheriff's salary and clerk's hire were paid to him in full, and that, by reason of such settlement, the treasurer of the county became entitled to all the

sheriff's fees collected by said Weisenborn during his term of office aforesaid. The declaration alleges a request by plaintiff for the moneys for which this suit was brought.

To this declaration appellants filed a demurrer, both general and special. The demurrer was overruled, and appellants having elected to stand by their demurrer, judgment was rendered for appellee for $5,000 debt, and $712 damages and costs of suit, the judgment to be satisfied upon the payment of the damages. Thereupon appellants perfected an appeal to this court.

The real question involved in this case relates to the liability of the sureties on the clerk's official bond, for his failure to pay over, at the expiration of his term of office, to the county treasurer, such fees earned by the sheriff as may have been collected by the clerk, and to which the sheriff may not be entitled by reason of a full settlement of his affairs with the county.

We deem it unnecessary to enter again into a discussion of this question, which was carefully considered by this court in the recent case of Weisenborn et al. v. The People, 53 Ill. App. 32.

We adhere to the views of the law announced in that opinion and refer all persons interested to that case for our reasons for affirming the judgment in the case at bar. We hold that, in such a case as is presented by the declaration in the record before us, the sureties on the clerk's official bond are liable.

The judgment is affirmed.